## HILL ET AL. *v.* RYAN ET AL.

MECHANIC'S LIEN.—*Notice of.*—*Several Liens Combined.*—*Pleading.*—*Motion to Strike out Part.*—*Practice.*—In an action to enforce a lien for building materials furnished for the construction of a number of different buildings, the notice relied upon, of the intention to hold such lien, was a joint one on all of the buildings, for the unpaid balance of the gross price of the materials furnished for all. The complaint contained as many separate paragraphs as there were buildings, each setting out a copy of such notice and seeking to enforce a separate lien, against a separate building, for a proportionate part of the whole amount due.

*Held*, that a motion to strike from the complaint each copy of such notice and all the parts seeking the enforcement of such lien, should be sustained.

*Held*, also, that both the complaint and the notice are defective, in that neither shows that such materials were furnished for the particular building in which they were used.

From the Marion Circuit Court.

*E. A. Parker, A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellants.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellees.

Perkins, J.—The facts in this case are very like the facts in *Hill* v. *Braden, ante,* p. 72, in this court, and the principle which must control its decision is the same.

Here were five separate and distinct houses, built upon five separate lots, each lot in a different block, in an addition to the city of Indianapolis; materials were furnished, in gross, which went, indiscriminately, into all; one notice of intention to hold a lien upon all, for the amount due upon all, was given; but, in this case, there were five paragraphs in the complaint, each claiming one-fifth of the amount due on all, as the proportional sum to be charged as a lien on each house, under the notice of a joint claim to hold a lien on all. But where there is no lien existing, there can be no apportionment of one.

As in the case of *Hill* v. *Braden, supra,* here, also, was a notice, by the defendants, other than Van Kuren, to strike from the complaint the notice of intention to hold a lien, and the parts of the complaint seeking the enforcement of it, which motion was sustained, followed by a personal judgment against Van Kuren, the contractor, for the amount due, and against the plaintiffs, in favor of the owners of the property, for costs, and an appeal to this court by the plaintiffs.

The complaint in this case, as in *Hill* v. *Braden, supra,* may be defective in this, that neither the notice of intention to hold a lien, nor the complaint, in its allegations, shows that the materials involved in the suit, were furnished by Hill and Long for the buildings in which they were used. The complaint alleges that Van Kuren purchased them for that purpose, and used them in the buildings; but it does not allege that Hill and Long knew for what buildings he purchased the materials, nor that they sold them for use in any particular building, or buildings.

The notice in this case was as follows, viz.:

"Indianapolis, Ind., September 26th, 1873.

"To Thomas F. Ryan and all other persons concerned. You are hereby notified that E. Van Kuren, whom you

employed to erect and construct five new dwelling-houses situated on lot 24, block 24; lot 24, block 23; lot 24, block 19; lot 24, block 18; lot 24, block 20,—all in the Manufacturers' addition to the city of Indianapolis, Marion county, state of Indiana, being called North Indianapolis, is indebted to us in the sum of eight hundred and thirty-seven dollars, which is now due, and coming due at the maturity of several notes of hand, given by E. Van Kuren to Hill & Long, to-wit: balance of note, five hundred dollars, due September 2d, 1872, one note of one thousand dollars, due October 2d, one of one thousand dollars, due October 18th, and eight hundred and thirty-four dollars and sixty-five cents, due October 29th, 1873, and interest on same, on account of lumber and materials furnished to him, at his instance and request, and which were used in the construction and erection of said houses, you being the owner of said property, that we intend to hold a lien upon said property for said sum of eight hundred and thirty-seven dollars, for said lumber and materials so furnished· by us as aforesaid, and which was so furnished to said Van Kuren within the last sixty days.

··" HILL & LONG."

"Received for record October 30th, 1873, at 3 o'clock p. m., and recorded in Mechanics Lien Record No. 1, on page 37."

" DAN. C. GREENFIELD, R. M. C."

The effect of this notice was to put a possible incumbrance of eight hundred and thirty-seven dollars on each one of the five houses and lots mentioned in it; a lien for lumber not furnished for or used in the house on the lot. Whereas, had a lumber account been kept with each house, as might easily and should have been done, then, as payments were made, they could have been so applied and credited as to show the amount remaining due on each house, and which houses, as might have been the case with some, had been entirely released from the lien by the payments. And a separate notice could then have

been filed, as the law requires, showing the amount due on each house that had not been entirely discharged from any and all lien for lumber furnished for it.

Judgment affirmed, with costs.