The opinion of the court was delivered by
Brewer, J.:
This was an action in which S. A. Brown & Co. attempted to foreclose a mechanics’ lien against F. C. Newman, the plaintiff in error. The district court sustained the lien for a part of the amount claimed, and entered a decree of foreclosure; to reverse which, this proceeding in error has been brought. The testimony has not been preserved, and the case stands before us upon the pleadings, findings, and judg *118 ment. From them these facts appear: On the 7th of October, 1879, Newman, being the owner of certain lots in the city of Emporia, made a contract with W. A. Stratton to furnish the necessary labor and materials to construct a dwelling house and other improvements upon said lots, for which he agreed to pay the sum of $1,803. Extra work was done by said Stratton amounting to $173.35. The plaintiffs furnished to said Stratton materials for said building to the amount of $905.18, of which sum there is still due $222.18. Stratton proceeded with his contract until February 17,1880, when he abandoned the work, at that time unfinished. His own workmen, however, continued the work, under the employ of Newman, and completed the building in the fore part of April, and the fence on the 17th of April, 1880. On the 15th of April, the plaintiffs deposited in the office of the clerk of the district court of Lyon county a statement for a lien. On the 28th of April they delivered a copy of the same to the defendant Newman. Such statement, as thus filed, failed to state the name of the owner, and the verification thereto reads in these words:
“State oe Kansas, Lyon County, ss.: I do solemnly swear that the foregoing statement is true in every particular. So help me God. S. A. Brown & Co.
“Per Griffin, Claimant.
“Subscribed and sworn to before me, this 15th day of April, 1880. G. W. Frederick, Cleric District Court.
“By E. A. Waynard, Deputy.”
Two months afterward the agent of plaintiffs, filing no new statement, went to the clerk’s office and changed the statement already on file, by placing in it, as the name of the owner, first, G. W. Newman, then erasing that and substituting F. C. Newman; and also changing the verification so the signature thereto reads, “G. W. Griffin, agent for claimant.” No consent or authority seems to have been given for such alteration. It does not appear that the statement was verified or any change made in the date of the jurat.
Now upon these facts two questions arise: The first is this, whether § 3, article 27 of the civil' code applies to the case of *119 a sub-contractor claiming a lien. It is insisted by defendants in error that the prior section (§2) gives the sub-contractor his lien, and prescribes all the steps necessary to be taken by him in order to perfect it. It requires the filing with the clerk of the district court, within sixty days, a statement of the amount due and a description of the property, and the delivery of a copy thereof to the owner or his agent. Section 3 commences as follows:
“Any person claiming a lien as aforesaid, shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien, verified by affidavit. Such statement shall be filed within four months.”
The difference between the statement required by § 3 and that required'by §2 is, that the former must include the name of the owner, must be verified by affidavit, and need not be filed until four months from the completion of the building; while the latter need not give the name of the owner, is not required to be verified, and must be filed within sixty days. Now the contention is, that as by § 2 a subcontractor is compelled to file one statement within sixty days, § 3 can have no reference to a sub-contractor’s lien, but must refer to the lien authorized by § 1 to a contractor, for it is said there can be no necessity in requiring the filing of two statements, and that therefore the legislature cannot have intended that they should be so filed.
1'stotement!’lien; ' We are constrained to differ with these views, and to hold that § 3 is applicable to both the lien of the contractor and sub-contractor, as authorized by the two preceding sections. The first words of §3, and the order in which the sections are arranged, indicate this. ' Those words are: “Any person claiming a lien as aforesaid.” Obviously, these words refer to the liens which are provided for in the sections immediately preceding, and if two kinds of liens are there provided for, they would more *120 naturally refer to the lien last named. So that, if they could only .extend to one, the mere words and order of the sections would more naturally indicate a reference to the lien of the sub-contractor, given by §2, than to that of the contractor, given by § 1. It would be an unnatural arrangement, if it was the intention that they should not refer to the lien named in the immediately preceding section, but skipping that, should refer to a lien named in the prior section.
Again, §1, which gives a lien to a contractor, contains a provision for filing a statement in cases where a noté has been taken. Now, if because a sub-contractor is compelled by §2 to file one statement, §3 has no reference to sub-contractors’ liens, by the same argument it would not apply in the case of a contractor in which a note had been taken. This is certainly reducing the scope of a section which opens with such general terms as this.
And further, by §§ 1 and 3, when a contractor seeks a lien, he is required to file a verified statement; but if § 2 is the only one prescribing the steps necessary to perfect a sub-contractor’s lien, he may acquire it by filing an unverified statement. Generally, it would seem that there should be some restrictions thrown about the casting of even an apparent lien upon property. It would not seem right that a party could cast a cloud upon the title to his neighbor’s property by simply filing a statement that he claims a lien, without any affidavit, and without any signature but his own. It would, if such were the law, place it in the power of one having spite to keep casting clouds upon the title to a man’s property. Requiring a verification of any claim of lien is some slight protection; and unless the statute plainly dispenses with such protection, it ought to be enforced. So that it follows that not only the order in which the sections are arranged, the obvious and natural meaning of the words used, but also protection against fictitious and unfounded claims compel the application of the provisions of §3 to the liens of sub-contractors. It perhaps may not be necessary to file two separate statements; but if only one is filed, it must contain all prescribed by §3, *121 and be tiled within the time named in § 2. The first question, therefore, in this case must be answered against the views of defendant in error.
2' statement!* Secondly, if § 3 applies as we hold that it does, was the verification actually made sufficient? This question is of little difficulty, and must be answered in the negative. When the statement was filed and sworn to, it was not complete under §3; it did not contain the name of the owner of the property; the signature to the pretended verification was too irregular, too defective, to be valid. The act of the agent in changing the statement two months thereafter 'was without authority, created no rights, was an improper and unjustifiable changing of public records. It would not help the defendants in error if the change had made a statement perfect and complete beyond question in all its provisions, because no such change of a public record can be tolerated, but even when changed it was not a perfect instrument. It now contained the name of the owner, but it was not resworn to. The date of the jurat was not changed. The agent might just as well have filed a blank affidavit, and left the clerk of the court or any one else to fill in two months thereafter a complete statement for a lien.
The conclusions,to which we have come in reference to these questions compel a reversal of the judgment. There are no special equities in this case in favor of the defendants in error, for the owner of the property, the plaintiff in error, has already paid more for the property than he would have had to do if the contractor had gone on and completed the contract according to its terms; but whatever might be the equities of the case, a mechanics’ lien is a creature of statute, and he who would perfect one must follow the plain provision of the statute — otherwise he must look to the man with whom he made his contract.
The judgment of the district court will be reversed, and the case remanded with instructions to set aside the decree of foreclosure, and to enter judgment in behalf of the plaintiff in error, one of the defendants below, for costs.
All the Justices concurring.