[Filed January 2, 1888.]

## G. W. KEZARTEE, RESPONDENT, *v.* MARKS & CO. ET AL., APPELLANTS.

NOTICE—CLAIM OF LIEN FOR LABOR OR MATERIALS USED IN BUILDING.—It is not necessary that such claim should on its face state that the amount specified therein "is due over and above all just credits and offsets." (*Whittier* v. *Blakesley*, 13 Or. 546, approved and followed.)

NOTICES OF CLAIM—WHEN SUFFICIENT.—A notice of a claim filed with the county clerk sufficiently gives the name of the owner of the building, which says that the materials were actually used in repairing the said dwelling-house and fence under the directions of W. F. O., who " was legally in possession of said premises under a contract of purchase and bond for a deed from S. M. & Co." So "building owned by W. F. O., deceased." "Further, furnished the materials upon said house at the request of W. F. O., the owner thereof." So when the notice recited that "the building was owned by W. F. O., and that the work was performed on said building at the request of W. F. O., the owner thereof."

NOTICE—NAME OF OWNER OF LAND.—To affect the land with the lien the name of the owner thereof must be given in the notice. This requirement is one of substance, and it cannot be dispensed with.

NOTICE—WHEN TITLE TO THE HOUSE OR STRUCTURE AND TITLE TO LAND IN DIFFERENT PERSONS.—When the title to the house or structure and title to the land are in different persons, and the notice specifies the name of the owner of the building or structure, but not the name of the owner of the land, the lien may attach to such building, but not to the land.

DESCRIPTION OF BUILDING OR IMPROVEMENT WHERE TITLE TO LAND IN ANOTHER.—When it affirmatively appears that the land where the building was erected did not belong to the person who caused such building or other improvement to be erected or repaired, the lien could only extend to the building or other improvement, and it would not be defeated by failing to describe the land, if such building or other improvement were sufficiently described for the purposes of identification.

XV. OR.—34.

DESCRIPTION OF BUILDING—WHEN SUFFICIENT.—If there be enough in the description of the locality and other peculiarities of *the building* to identify it—to point it out with reasonable certainty—with certainty to a common intent, the statutory requisition is complied with.

VERIFICATION OF CLAIMS—WHAT SUFFICIENT.—The statute requires "claims" to be verified, but prescribes no form of verification. *Held*, that a claim signed by the party and verified by his oath was sufficient.

LIEN ON DIFFERENT BUILDINGS OR STRUCTURES.—The liens under the statute are specific; they extend to the particular building, structure, or erection where the materials were used or labor performed. *Held*, therefore, that a party could not unite in the same *claim* items for materials used in building a fence, and also for materials used in building or repairing a house, and claim a lien on the fence and house for such materials. The fence and house are separate structures or erections, and the liens claimed must be for the materials used in each respectively. (*The Dalles L. & Manuf. Co.* v. *The Wasco Manuf. Co.* 3 Or. 527, approved and followed.)

APPEAL from Douglas County.    Affirmed.

*J. C. Fullerton*, for Appellants.

*J. W. Hamilton*, for Respondent.

STRAHAN, J.—This is a suit brought by the respondent to enforce three liens for materials alleged to have been furnished in the erection of a dwelling-house situated on the donation land claim No. 53, of John Leiser, about one and one half miles west of Roseburg; and one of said claims also includes materials used in building a fence. It appears from the complaint that at the time the materials were furnished and the liens filed, Marks & Co. owned the land where the house was erected, and that the same was in the possession of W. F. Owens, and that the work was performed and materials furnished under a contract with W. F. Owens; that on the twenty-fifth day of September, 1886, said W. F. Owens died, and that the defendant Johnson is his administrator, and that the claims in the names of S. Hamilton and L. C. Beardsley were duly assigned to the plaintiff before the action was commenced; that said building was constructed and repaired with the consent of Marks & Co. The complaint then alleges facts showing substantial compliance with the law under which the liens were filed. Marks & Co. filed a separate answer, denying that the building was constructed or repaired with their knowledge or consent; and denying the assignment of Hamilton and

Beardsley's claims to the plaintiff.    The several allegations tend-
ing to show compliance with the statute are then denied.    The
answer alleges that plaintiff Hamilton's claims did not contain a
true or any statement of his demand, after deducting all just
credits and set-offs; alleges that said claims did not contain the
name of the owner or reputed owner of the property sought to
be charged, nor any description of the premises sought to be
charged sufficient for identification, or any description of said
property whatever, and that said claims are not verified.    The
like denials and allegations are then made respecting the claim
of L. C. Beardsley.    The answer of Johnson, the other defend-
ant, is the same in all essential particulars, except that there is
no denial that the work was performed and materials furnished
with the knowledge and permission of Marks & Co.    The case
was referred, and the evidence taken in writing, and properly
certified copies of the documentary evidence accompany the
transcript.    The court below found in favor of the plaintiff as
to each of said liens, and rendered a decree establishing the same
against the building only, and not against the ground upon which
it stands.    From this decree the defendants have appealed.

There is no controversy as to the performance of the labor or
the furnishing of the materials for the building.    The appellants
contend that no sufficient compliance with the statute is shown
to create a lien as to either of the claims described in the com-
plaint.    The notice filed by the plaintiff with the county clerk
is as follows:—

### "NOTICE OF MECHANIC'S LIEN.

" *To whom it may concern:* Notice is hereby given that the
undersigned intends holding a lien for labor performed on the
following described property: A story and a half house situated
upon the John Leiser place, one mile or a mile and a half in a
westerly direction from Roseburg, Douglas County, Oregon, said
building owned by W. F. Owens, for the sum of one hundred
and thirty dollars, for carpenter work performed from July 10
to September 14, 1886, on said building, at the request of W. F.
Owens, the owner thereof.

"Dated this twenty-fifth day of September, 1886.

"G. W. KEZARTEE.

"Subscribed and sworn to before me ——— 25, 1886.

"T. R. SHERIDAN, County Clerk.

"Filed and recorded September 25, 1886, vol. 1, page 32, Mechanic's Lien Docket of Douglas County, Oregon.

"T. R. SHERIDAN, Clerk."

Hamilton's lien is as follows:—

"NOTICE OF MECHANIC'S LIEN.

"*To all whom it may concern:* Notice is hereby given that the undersigned, S. Hamilton, holding a lien for paints and materials furnished on the following described property, to wit: A story and a half house situated on the John Leiser place, one mile or a mile and a half in a westerly direction from Roseburg, Douglas County, State of Oregon, said building owned by W. F. Owens, deceased, for the sum of fifty-six and thirteen hundredths dollars, for paints and materials furnished upon said house from June 25, 1886, to September 22, 1886, at the request of W. F. Owens, the owner thereof.

"Dated this nineteenth day of October, 1886.

"S. HAMILTON.

"Subscribed and sworn to before me this October 19, 1886.

"JOHN LANE, Notary Public.

"Recorded October 19, 1886.

"T. R. SHERIDAN, Clerk."

And the following is a copy of the notice filed by L. C. Beardsley:—

"*To whom it may concern:* Notice is hereby given that ·I, L. C. Beardsley, of Douglas County, Oregon, was at the times hereinafter mentioned engaged in the business of lumber merchant at Roseburg, Oregon. That between July 16, 1886, and September 8, 1886, under an express contract with W. F. Owens, I furnished lumber and material to be used in repairing a certain dwelling-house and fence situated on a certain piece of land, known as a portion of the John Leiser donation claim, lying

about one and a half miles northwest from Roseburg, Douglas County, Oregon. The bill of items of said materials is hereunto annexed, marked exhibit "A," and made a part of this notice, the total amount thereof being thirty and eighteen hundredths dollars ($30.18). The said lumber and material was actually used in repairing the said dwelling-house and fence, under directions from W. F. Owens, who was legally in possession of said premises, under a contract of purchase, and a bond for a deed from S. Marks & Co., as I am informed and believe. That the said sum of thirty and eighteen hundredths dollars is now due, and no part of the same has been paid. That I am now the lawful owner and holder of said claim, and being desirous of availing myself of the benefit of an act of the legislature of the State of Oregon, approved February 11, 1885, entitled 'An act for securing liens for mechanics, laborers, material-men,' etc., I hereby declare my intention to hold a lien on said described building and property, to secure the payment of said sum of money, as by said act provided.

"ROSEBURG, OREGON, October 1, 1886.

                                    "L. C. BEARDSLEY.

"STATE OF OREGON,    }
"COUNTY OF DOUGLAS. } ss.

"I, L. C. Beardsley, being first duly sworn, say: The foregoing notice of lien, and the claims therein set forth, and each and every item thereof, is true and correct, as I verily believe.

                                    "L. C. BEARDSLEY.

"Subscribed and sworn to before me this the first day of October, 1886.          JOHN LANE, Notary Public."

Prefixed to Beardsley's notice was an itemized account for lumber, amounting to $30.18.

Hill's Code, section 3673, prescribes the manner in which notice of lien shall be given, and by whom and what it shall contain, as follows: "It shall be the duty of every original contractor, within sixty days after completion of the contract, and of every mechanic, artisan, machinist, builder, lumber merchant, laborer, or *other person*, save the original contractor, claiming the benefit of this act, within thirty days after the completion of the alter-

ation or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, to file with the county clerk of the county in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself, or some other person having knowledge of the fact."

1. The present lien law in this State is *blended* in its provisions, and the lien is extended to many structures, buildings, improvements, and erections not enumerated in the earlier statutes on that subject; and the course of legislation here has constantly tended toward the security by way of lien to all mechanics, artisans, builders, contractors, and all others who furnish materials or perform work and labor upon any of the erections or improvements enumerated in the statute. By the furnishing of materials or the performance of work and labor upon the property of another, they have added so much to its value, and the law has provided in the most liberal manner for their security. This being the object of the statute, the courts are bound to give every part of it full effect whenever its protection is invoked, and to see to it that its objects and purposes are not thwarted by a strained construction. Still, it must be remembered, the court cannot legislate. It can only enforce such laws as the legislative assembly may enact, and give effect to the rights set up under such statutes only upon the conditions and in the manner therein prescribed. Nor can the court adopt any rule of either strict or liberal construction applicable alike to every provision of such statute. Some of its provisions may require a liberal construction in furtherance of the legislative intent, while others may, in their application to particular cases, present hardships, such as compelling a person to pay twice for the same work or material, or creating a lien upon one's land without his consent, or the like, require a stricter rule of interpretation.

Appellant's counsel has presented various objections to each of these claims, which will now be separately noticed.

2. It is objected that these claims do not on their face state that the amount specified therein is due over and above all just credits and offsets; but it was held in *Whittier* v. *Blakesley*, 13 Or. 546, that this was not necessary; that it was sufficient if notice be given of the amount of the claim.

3. Counsel for appellants also object to the sufficiency of these notices, for the reason that the name of the owner of the land sought to be charged with the land is not specified therein. Beardsley's notice recited that the said lumber and material was actually used in repairing the said dwelling-house *and fence,* under directions from W. F. Owens, who was "legally in possession of said premises under contract of purchase and a bond for a deed from S. Marks & Co.," as he was informed and believed. Hamilton's notice says, "said building owned by W. F. Owens, deceased." Further, that he furnished the materials *upon said house* at the request of W. F. Owens, the owner thereof. And the plaintiff's notice recites that said building was owned by W. F. Owens, and that he performed said work on said building at the request of W. F. Owens, the owner thereof. It is the owner of "such building or other improvements" whose name must be specified in the notice, and not the owner of the land where the same is erected. It is no doubt true, if the claimant wishes to reach or affect the land with his lien, the notice must specify the name of such owner or reputed owner, if known, and unless he does so, the land will remain unaffected by the lien. In other words, such lien would not extend to the land where "such building or other improvement" might be erected. This requirement is one of substance, and cannot be dispensed with. (Phillips on Mechanics' Liens, § 345.)

There is more difficulty as to Beardsley's claim in this respect than there is in either of the others. Instead of stating directly the ownership of the house to be in Owens, he has stated facts which if true would tend to prove Owens' ownership. He has not stated title, but some facts which are evidence of some kind of title, namely, possession by Owens under a contract to pur-

chase. This might not be enough to charge the land, or even Owens equitable interest therein, created by such contract, which it is not necessary to consider; but I can perceive no reason why it is not sufficient to extend the lien to the improvement or erection, leaving the land unaffected by the claim. The name of the owner of the building or improvement is given, and where the land happens to be owned by another, and in such case the lien not extending to the land, he can have no just cause to complain of the omission. The omission does him no injury.

4. Counsel for appellants also object to the sufficiency of these notices, for the reason that they contain no "description of the property to be charged with such lien sufficient for identification." It may be conceded that the description of the land is too indefinite and vague to be the basis or foundation of any lien thereon; but in this case it appears affirmatively that the land where the building was erected did not belong "to the person who caused said building or other improvement to be constructed, altered, or repaired," within the meaning of section 3670 of Hill's Code. What interest Owens had in the land, if any, does not appear. He may have had some kind of an equity, but there is not enough before us to enable us to say that he had. It is conceded that the legal title was then and still is in Marks & Co. In such case, and so far as appears from this record, the lien could only extend to the building or other improvement, and it would not be defeated by a failure to describe the land, if the building or improvement were sufficiently described for the purposes of identification.

5. Is the description of the house contained in these notices, upon which it is sought to fix these liens by this proceeding, sufficient? In determining this question, it must be remembered that there are no subsequent purchasers or lien holders to be affected. Every interest remains just as it was at the time the liens attached. No doubt a somewhat stricter rule would have to be applied in case there were junior encumbrancers or subsequent purchasers. (*De Witt* v. *Smith*, 63 Mo. 263.) The general rule as to what shall be sufficient description to sustain a mechanic's lien seems now to be, that if there appears enough

in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient. (*De Witt* v. *Smith, supra; Bradish* v. *Jones,* 83 Mo. 313.) And in *Kennedy* v. *House,* 41 Pa. St. 39, it was held that if there be enough in the description of the locality and other peculiarities of the *building* to identify it —to point it out with reasonable certainty—with certainty to a common intent, the statutory requisition is complied with, and in regard to locality, there is great reluctance to declare a claim invalid for mere loose description. In such case it is held that the jury are generally to determine whether the property is in truth designated. So in *Ewing* v. *Barrass,* 4 Watts & S. 467, it is said that accuracy ought to be carefully attended to; but as claims are frequently filed by the material-men themselves, it would lead to injustice to hold that every mistake, however trifling, would avoid the lien. Only such as are calculated to mislead subsequent purchasers or creditors should destroy the claim. So, also, in *Knabb's Appeal,* 10 Pa. St. 186, a description which gave "the name of the owner, the locality of his building, Upper Providence Township, Montgomery County, Pa., bounded by the lands of Jacob Landis and others," the material of which the house was constructed, its dimensions, and number of its stories, was sufficient. So in *Tibbetts* v. *Moore,* 23 Cal. 298, the lien was sustained when the erection was described as "a quartz mill at or near the town of Scottsville, in Amador County, known as 'Moore's New Quartz Mill.'" So in *Barker* v. *Conrad,* 12 Serg. & R. 301, a lien was sustained which described the building as "a three-storied brick house situate on the south side of Walnut Street, between Eleventh and Twelfth streets, in the city of Philadelphia." So in *Parker* v. *Bell,* 7 Gray, 429, the notice filed with the town clerk described the house as "a dwelling-house situated in D., on land now or formerly of B., and now said to belong to A.; said house is now near the dwelling-house of B.;" and it was held that this description was sufficient to secure a mechanic's lien on the house. And to the same effect is *McClintock* v. *Rush,* 63 Pa. St. 203; *City of Crawfordsville* v. *Boots,* 76 Ind. 32.

6. Counsel for appellants also object to these "claims," for the reason they are not verified. Section 3673 of Hill's Code requires a claim to be filed with the county clerk, "which claim shall be verified by the oath of himself, or some other person having knowledge of the facts." This statute does not prescribe any particular form in which such verification shall be made. No doubt the better practice would be in the form of an affidavit to be annexed to the claim, to the effect that the facts therein stated are true; but the statute not having prescribed the form, we do not feel disposed to say that a claim signed by the party and verified by his oath is invalid. The present lien law was evidently designed to simplify the proceedings thereunder to a greater extent than any preceding statute in this State on that subject, and this form of verification may be all that the legislature designed. We therefore hold that these claims are verified. (*Laswell* v. *Presbyterian Church*, 46 Mo. 279.)

7. Counsel for appellants object specially to the claim of Beardsley, for the reason that it is for materials used in the repair of the house, as well as in the construction of a *fence*. This objection is fatal to this claim. The liens under this statute are specific; that is, they extend to the particular structure, building, or erection in or upon which the particular materials were used, or the particular labor was performed. In this case Mr. Beardsley had a lien upon the fence for the materials furnished and used in its construction, and he had another lien upon the house for the materials used in its repairs and construction; but he had no lien upon the fence for materials used in the house, nor upon the house for materials used in the fence. This is the construction which the former statute received in this court, and there is no reason why the present statute should receive a different construction. (*The Dalles L. & Manuf. Co.* v. *The Wasco Manuf. Co.* 3 Or. 527.) And similar statutes have received the same construction elsewhere. (*Fitzpatrick* v. *Thomas*, 61 Mo. 512; *Simmons* v. *Currier*, 60 Mo. 582; *Hill* v. *Braden*, 54 Ind. 72; *Hill* v. *Ryan*, 54 Ind. 118.)

The decree must be so modified as to exclude Beardsley's claim, and in all other respects the same is affirmed.