JOHN B. CONTER *vs.* JOHN FARRINGTON and Wife, impleaded, etc.

June 11, 1891.

**Mechanic's Lien—Defective Statement.**—Upon a claim for a lien, under Gen. St 1878, *c.* 90, for materials furnished for erecting a building upon a contract with another than the claimant, the recorded statement for the lien stated that J. owned the south half, and M. the north half, of the lot, and that J. made the contract for the building on behalf of himself and M., when in fact J. owned the whole lot, and made the contract for himself alone. *Held*, that the statement was insufficient.

Action brought in the district court for Ramsey county to enforce a subcontractor's lien for $186.75. The lien-statement was filed March 21, 1889. The action was tried by *Otis*, J., who ordered a money judgment for plaintiff against the principal contractors, but ordered judgment in favor of the defendants Farrington and wife, who were made parties as owners of the land. Judgment was entered and the plaintiff appealed.

*F. W. Zollman*, for appellant.

*Chas. N. Bell*, for respondents.

GILFILLAN, C. J. Under the mechanic's lien law, as it appears in Gen. St. 1878, *c.* 90, this court has always held that the lien-state-

ment (the account and affidavit) recorded must show *prima facie* that the claimant was entitled to the lien, and for that purpose must state the owner, and that the labor or materials was performed or furnished in erecting a building pursuant to the contract of such owner. *Clark* v. *Schatz*, 24 Minn. 300; *Rugg* v. *Hoover*, 28 Minn. 404, (10 N. W. Rep. 473;) *Keller* v. *Houlihan*, 32 Minn. 486, (21 N. W. Rep. 729;) *Anderson* v. *Knudsen*, 33 Minn. 172, (22 N. W. Rep. 302.) As one of the purposes of the statement was notice to persons dealing with respect to the land, it followed that the name of the owner must be truly stated. A statement that B. was the owner, when the owner was A., would not have been in accordance with the terms of the statute, nor with its spirit and intent. The statement in this case stated the defendant John Farrington was the owner of the south half, and the defendant Mary L. of the north half, of the lot on which the building (an entire indivisible building) was erected, and that the contract for it was made by John in behalf of himself and Mary L. Neither of these statements was true. The defendant John owned the whole lot, and made the contract in his own behalf only. That the owner of the whole lot made the contract suggests the difficulty in applying the rule. But that plaintiff was entitled to secure a lien —and that is all the fact established—was not enough, without complying with the statute in respect to the lien-statement. It was not enough that the owner's name appeared in the statement, unless he was therein stated to be the owner. Had it stated that defendant Mary L. owned the whole lot, and defendant John made the building contract in her behalf, when in fact he was the owner, and made the contract for himself, it would hardly be claimed that the statement complied with the statute. But that case would have differed from this in that the statement as to the owner would have been untrue as to the whole lot, while here it is untrue as to half the lot, and it. is untrue as to one party to the contract. The building was indivisible, and there is no way of apportioning the claim to the half of the lot of which, in the statement, the defendant John is named as owner, for it does not appear how much or that any of the material was put into the part of the building resting on that half of the lot. Mary L. appeared by the record to be the owner of the half-lot,

though in fact she was not; and if she had joined in the building contract, and it had been erected and the statement recorded while she appeared of record to be the owner, the registry laws might have been invoked in plaintiff's behalf, for he might then have been deemed to claim under her, and to come within the spirit and intent of those laws. But she was not a party to the building contract, and therefore it is immaterial, so far as the right to a lien is concerned, that she appeared of record to be the owner.

Judgment affirmed.