| 23 | 153 |
| 23 | 150 |
| 23 | 595 |
| 24 | 53 |
| 31* | 287 |
| 31* | 288 |
| 32* | 621 |
| 32* | 763 |
| 23 | 153 |
| 25 | 431 |
| 31* | 287 |
| 36* | 160 |
| 23 | 153 |
| d26 | 115 |
| 31* | 287 |
| 37* | 68 |
| 23 | 153 |
| 27 | 276 |
| 28 | 319 |
| 23 | 153 |
| f32 | 408 |
| 23 | 153 |
| 39 | 411 |

[Argued October 24, 1892;   decided November 7, 1892.]

## GEORGE  W.  GORDON  v.  MRS.  J.  DEAL  ET  AL.

### [S. C. 31 Pac. Rep. 287.]

1. MECHANICS' LIENS — NOTICE — REQUIREMENTS OF STATUTE.— The statutory requirements of a notice of lien are mandatory.  Under section 3673, Hill's Code, the name of the owner or reputed owner of the building or improvement upon which a lien is claimed must be stated in the notice or it is void.  *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. Rep. 407), cited and approved.

2. IDEM.— It is not sufficient that the name of the owner appears in the notice incidentally or as part of the description of the property; but the fact that he is the owner of the building sought to be charged must appear as an independent matter on the face of the notice, either directly or by necessary inference.

3. MECHANICS' LIENS — CONSTRUCTION.— The right to a lien is purely of statutory creation.  Whatever the statute makes necessary to its existence .must be complied with, and one claiming the benefit of that statute must bring himself clearly within its terms.  *Pilz* v. *Killingsworth*, 20 Or. 432 (26 Pac. Rep. 305), approved.

4. MECHANICS' LIENS — NOTICE — OWNERSHIP OF BUILDING.— A notice of lien which states merely the lease to a certain person of the ground on which is situated the building sought to be charged, and, after describing the building and ground, and mentioning the owner of the ground, declares .the first-named person to be lessee of "said property," does not show either directly or by necessary inference who is the owner of the building, and does not therefore comply with section 3673 of Hill's Code.  *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. Rep. 407), distinguished.      .

Multnomah County :  LOYAL B. STEARNS, Judge.

Defendant Deal appeals.   Reversed.

*W. H. Winfree* (*Cox, Teal & Minor* on the brief), for Appellant.

*Geo. H. Williams* (*J. Couch Flanders* on the brief), for Respondent.

BEAN, J.—This is a suit to foreclose a mechanics' lien upon lot 5 in block 27 of Couch's Addition to the city of Portland, owned by Mrs. Margaret Marshall, and upon a certain building thereon owned by Mrs. J. Deal, the lessee of the land.   The lien was held valid by the court below, and a decree entered against Mrs. Deal foreclosing the lien on the building and ordering her interest in the property sold, from which she appeals.

1.  The contention of counsel for appellant is, that the statement or notice of the lien set out in the pleadings does not in any respect comply with the requirements of section 5 of the act relating to mechanics' liens:   Hill's Code, § 3673.   It is unnecessary for us to notice all the objections urged, as we are of the opinion that this point is fatal to plaintiff's claim.   Under the provisions of the section referred to, it is, among other things, essential to the validity of a mechanics' lien that "the name of the owner or reputed owner of the building, improvements, or structure" upon which the lien is sought to be enforced should be stated in the claim as filed.   This requirement is one of substance, so made by the statute, and cannot be dispensed with:   *Kezartee* v. *Marks & Co.* 15 Or. 529 (16 Pac. Rep. 407).

2.  It is essential to the validity of a lien under this section, that the statement filed must, on its face, show that the claimant was entitled to a lien; and for that purpose must, among other things, state "the name of the owner or reputed owner of the building if known":   2 Jones on Liens, §§ 1392, 1397; *Anderson* v. *Knudsen*, 33 Minn. 172 (22 N. W. Rep. 302); *Malter* v. *Falcon M. Co.* 18 Nev. 209 (2 Pac. Rep. 50); *Mayes* v. *Ruffners*, 8 West. Va. 384; McCay's App. 37 Pa. St. 125.   It is not sufficient that the name of the owner appears in the lien incidentally or as part of the description of the property, but that he is the owner of the building sought to be charged, must appear

on the face of the lien as an independent matter, either directly or by necessary inference:   *Conter* v. *Farrington,* 46 Minn. 336 (48 N. W. Rep. 1134); *Remdollar* v. *Flickinger,* 69 Md. 469.

3.   The spirit and purpose of the act relating to mechanics' liens being to secure to contractors, laborers, and material men the right to enforce their claims against the property benefited by their labor or material, it should receive a liberal construction in furtherance of that object; but in following this rule it should be borne in mind that a mechanics' lien is purely a creature of the statute, and that it can be obtained only by a substantial compliance therewith.   It is "a remedy given by law which secures the preference provided for, but which does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute": Phil. Mech. Liens, § 9.   Whatever the statute makes necessary to the existence of the lien, must be complied with in order to obtain the benefit of its provisions.   The courts cannot by construction dispense with any of the requirements of the statute, and one who claims the benefit of its provisions must show a clear compliance with its terms:   *Pilz* v. *Killingsworth,* 20 Or 432 (26 Pac Rep. 305).

4.   The notice of the lien in this case does not substantially comply with the positive requirements of the statute, because it fails to state the name of the owner of the building sought to be charged with the lien.   It describes the property upon which it is the intention to hold the lien as follows:   "The ground upon which said carpenter and material work was constructed, being at the time the property of Mrs. J. Deal, lessee; said building and land being known and particularly described as follows: known as the Coliseum, situated on the west side of Third Street, between D and E, on the lot known as lot 5, in block 27, Couch Addition to the city of Portland, said land being owned by Mrs. Margaret Marshall, and lessee of said property being known as Mrs. J. Deal

of Portland." There is no direct statement that Mrs. J. Deal is the owner of the building, nor is there any fact stated from which such an inference can fairly be made. In fact, if any inference whatever can be drawn from the statement in the lien, it is that the title to the building followed the title to the land, and Mrs. Marshall, who owned the land, also owned the building, and Mrs. Deal was lessee of both building and ground. It is first stated that Mrs. Deal is the lessee of the ground, and then after particularly describing the building and ground, that Mrs. Marshall is the owner of the ground, and that Mrs. Deal is the lessee of "said property," which would seem to include both building and ground; so that in place of stating that Mrs. Deal was the owner of the building, the inference is that it did not belong to her but to some other person.

The case of *Kezartee* v. *Marks & Co.* 15 Or. 529 (16 Pac. Rep. 407), cited by counsel for plaintiff, recognizes and announces the rule that the name of the owner of the building or other improvement must be specified in the notice. What is there said about the sufficiency of the Beardsley claim in this respect was unnecessary to the decision of the case, as the lien was held invalid on other grounds; and besides, the claim did contain facts from which, in the opinion of the court, the ownership of the building could be inferred, the court saying: "Instead of stating directly the ownership of the house to be in Owens, he has stated facts which, if true, would tend to prove Owen's ownership. He has not stated title, but some facts which are evidence of some kind of title, namely, possession by Owens under a contract to purchase." In this case, as we have already said, the name of the owner of the building is not stated either directly or by necessary inference, and hence the remarks of STRAHAN, J., in the Kezartee case have no application here.

The decree of the court below is reversed and the bill dismissed.