A. B. MARTIN & CO. v. M. BURNS & CO.

MECHANIC'S LIEN—*Insufficient Statement.* In order to establish a me-
chanic's lien, a statement filed for that purpose must fairly comply
with the statute, and should contain not only a statement of the
amount claimed, but also a list of the items of the materials furnished
or of the work done; and where it contains no itemized statement
of the materials furnished or of the nature or kind of the work done,
but there is filed with the statement an unverified list of items, which
was not incorporated in the statement and to which no reference was
made, it is insufficient to meet the requirements of the statute or to
establish a lien upon the premises therein described.

*Error from Rice District Court.*

THE nature of the action and the material facts appear in
the opinion herein, filed February 9, 1895. Trial by the court
below, at the January term, 1890, HON. ANSEL R. CLARK,
judge *pro tem.*, presiding—a jury being waived. Judgment
for plaintiffs, *M. Burns & Co.*, and against the cross-peti-
tioners, *A. B. Martin & Co.*, who bring the case here.

*J. W. Brinckerhoff*, for plaintiffs in error.

*J. B. Larimer*, and *George W. Clark*, for defendant in er-
ror The Franklin Savings Bank.

The opinion of the court was delivered by

JOHNSTON, J.: M. Burns & Co. brought an action against
A. M. Lasley to recover a personal judgment and to fore-
close a mechanic's lien upon a building in the town of Lyons
owned by Lasley. A. B. Martin & Co., who claimed a lien
upon the same property, filed an answer and cross-petition,
setting up their claim and praying for a foreclosure of their
lien. At the close of the testimony the trial court refused to
recognize or allow the lien, upon the ground that the state-
ment for the lien did not show the kind and amount of ma-
terials furnished, as the statute then required. An attempt
was made to perfect the lien in August, 1888, and therefore

41—54 KAS.

the sufficiency of the statement filed must be measured by the mechanic's lien law of 1872. The statement then filed was to the effect that lumber and building material had been furnished to be used in the construction of a building upon certain lots which were therein described, and for which a promissory note was given, a copy of which was attached to the statement. It is claimed that at the same time there was filed with the statement an itemized account of the material furnished, but there is nothing in the sworn statement showing that a list of items was included in or made a part of such statement. It was not incorporated in the statement, was not made an exhibit of the same, nor was there any reference therein to an itemized list of the materials furnished.

We think the statement was insufficient to create a lien. As was said in *Newman v. Brown*, 27 Kas. 117, "A mechanic's lien is a creature of statute, and he who would perfect one must follow the plain provision of the statute; otherwise he must look to the man with whom he made his contract." Under § 3 of the act of 1872, the statement must contain, not only the amount claimed, but also include, as nearly as practicable, an itemized list of the materials furnished, and the time when they were furnished. The statement including these matters, with some other requirements, must be verified by affidavit. An unverified list of items filed with the clerk of the district court, and to which no reference is made in the statement, cannot be regarded as a part of the statement, nor even a substantial compliance with the statute. In the first section of the act provision is made for the filing of a copy of a note given for the amount of the indebtedness, and also of a list of items used; but as has already been decided, this does not dispense with a strict compliance with § 3 of the act, which provides the manner by which a lien may be perfected. (*Newman v. Brown*, supra.) In *Blattner v. Wadleigh*, 48 Kas. 295, it is held that a lien "is created by the statement filed, containing all the necessary allegations of the statute; and this statement cannot be reënforced by outside references; it must be complete within itself, to have effect as a statutory

lien." (See, also, *Conroy v. Perry*, 26 Kas. 472; *Hentig v. Sperry*, 38 id. 459.)

The ruling of the court is sustained by the authorities, and its judgment must therefore be affirmed.

All the Justices concurring.