## THE F. A. DREW GLASS COMPANY v. THE EAGLE MILL COMPANY *et al.*

MECHANIC'S LIEN, *Statement for—Ownership of Property.* Where a lien statement filed by a subcontractor alleges that two persons are the owners of the real estate sought to be affected by said lien, and the petition filed to enforce said lien makes the same allegation, and seeks to establish a lien upon all the real estate named therein for the total sum claimed to be due from the original contractor for material furnished, and it appears, from an agreed statement of facts upon which the case was tried, that the two persons so named were not the sole owners, but that the premises were owned by such two persons and another who was not named either in the lien statement filed, or in the petition to enforce the same, *held*, that under such a state of facts and such pleadings the subcontractor is not entitled to a lien for a proportionate share of his claim upon the undivided interest of the premises named in his statement and petition.

MEMORANDUM.—Error from McPherson district court; FRANK DOSTER, judge. Action by The F. A. Drew Glass Company against H. Schofield and W. H. Schofield, formerly copartners as Schofield & Son, A. J. Gustafson, A. F. Brulin, and David Lindblom, copartners as The Eagle Mill Company, and James Smalley. Judgment for the last two defendants. Plaintiff brings the case here. Affirmed. The facts are sufficiently stated in the opinion, filed November 9, 1895.

*John D. Milliken,* and *J. Marshall Lamer,* for plaintiff in error.

*Simpson & Johnson,* for defendants in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought in the district court of McPherson county to enforce a mechan-

ic's lien, and was tried upon the following agreed statement of facts :

"It is admitted that the Eagle Mill Company owned half of the building in question, and that each of the Smalleys owned a fourth ; that the ownership is as alleged in defendant's amended answer. It is also admitted that the glass was bought from Schofield & Son, and was bought and used in the building described in defendant's petition. It is admitted Schofield & Son were contractors for the glass used in that building, and that they bought the same from the plaintiff under contract to be used in this building, and that the same was so used, but of such contract between Schofield & Son and the glass company the owners of the building have no knowledge. There is no question raised as to the validity of the contract between Schofield & Son and the F. A. Drew Glass Company. It is agreed that the owners of the building have paid Schofield & Son for the glass, and that it was done within 60 days from the completion of the building, and also that a copy of the lien statement was served on James Smalley, and also on George Sohlberg, bookkeeper of the Eagle Mill Company, at their office in McPherson."

Upon the pleadings in the case and the agreed statement of facts, the district court rendered a judgment for the defendants, James Smalley and The Eagle Mill Company, thereby holding that the lien sought to be foreclosed was insufficient in its statements, and was void as to the real estate sought to be affected thereby ; and from this judgment plaintiff in error brings the case here for review. The contention of plaintiff in error is, that although the name of Judson Smalley, who was an owner of an undivided one-fourth interest in the premises described in the petition and in the statement for a mechanic's lien filed in this case, was omitted from such statement and from the allegations of the peti-

tion, yet plaintiff in error was entitled to a lien upon that portion of the real estate belonging to James Smalley and The Eagle Mill Company, who were made defendants in the petition and named as the owners in said lien statement, for a proportionate share of the indebtedness due to the plaintiff in error. A careful examination, not only of the authorities cited by the counsel in their briefs in this case, but of a large number of others, fails to discover any exactly parallel case, and we must therefore arrive at a conclusion from the tendency of the text-writers upon this subject and from the decisions of other courts having statutes similar to our own. The statute under which this lien was sought to be enforced provided, among other things, that a statement filed by a subcontractor must contain the name of the owner of the premises sought to be affected by the lien, and this, we take it, means that the statement must contain the name of the *true* owner, at least to the extent shown by the records. In the case of *Conter v. Farrington*, 46 Minn. 336, 48 N. W. Rep. 1134, a statement of a lien was filed reciting that John Farrington was the owner of the south one-half and Mary L. Farrington of the north one-half of the lot on which the buildings were erected and sought to be charged with the lien, and that the contract was made by John on behalf of himself and Mary L. The fact was that John owned the whole lot, and made the contract in his own behalf only. It was held that such statement was insufficient.

In *Newman v. Brown*, 27 Kas. 117, our own supreme court, in an opinion written by BREWER, J., says:

"A mechanic's lien is a creature of statute, and he who would perfect one must follow the plain provision of the statute — otherwise he must look to the man with whom he made his contract."

This same doctrine is reaffirmed in *Martin v. Burns,* 54 Kas. 641. It is true, that in the case of *Deatherage v. Henderson,* 43 Kas. 684, the following rule is laid down:

" Statutes relating to liens for mechanics and material men should be liberally construed so as to protect, as far as possible, within the terms of the statute, the rights and equities of such persons."

This court heartily concurs in the doctrine last named, but the liberal construction therein referred to must be one which can be made within the terms of the statute, taking into consideration the pleadings in the particular case in which it may be invoked.

In this case the petition alleges that the material furnished by plaintiff in error was so furnished under a subcontract with Schofield & Son, for use in the erection and construction of a building of which the Eagle Mill Company and James Smalley were the owners. The statement for a mechanic's lien alleges that "James Smalley, and The Eagle Mill Company, the owner, . . . did heretofore enter into a contract with one Schofield & Son, copartners, to furnish certain plate and sheet glass." Neither the statement in the petition nor the statement for a lien indicates that the plaintiff in error was attempting to have a lien declared for any fractional part of its claim, nor upon any fractional part of the real estate. Under pleadings like those in this case, a party ought not to expect to obtain relief from this court which was not asked in the court below.

The judgment of the district court will be affirmed.

All the Judges concurring.