Argued June 8, decided June 22. rehearing denied August 1, 1911.

## McFERON v. DOYENS.

[116 Pac. 1063.]

MECHANICS' LIENS—LABORERS' LIENS—FORM.

1. Where a laborer's lien containing a statement of all the facts required by Section 7420, L. O. L., was filed and recorded in the mechanic's lien record within the time required, and sufficiently described the property on which the lien was claimed to identify it, it was not objectionable in that it was in the form of an affidavit instead of a notice of lien described in the statute.

MECHANICS' LIENS—LIEN STATEMENT—DESCRIPTION OF PROPERTY.

2. A statement claiming a laborer's lien on a certain sawmill upon the property of certain individuals about four miles southwest of A., and reputed to be owned by D., was sufficient, and contained a sufficient description of the property, in the absence of subsequent lienholders or purchasers.

MECHANICS' LIENS—PROPERTY SUBJECT—SAWMILL MACHINERY.

3. Under Section 7420, L. O. L., giving a mechanic's lien on any building, machinery, or structure on which work has been performed, it is not essential that machinery on which a lien is claimed be attached to or made a part of the realty.

FIXTURES—PORTABLE SAWMILL.

4. A portable sawmill, when erected on land and imbedded in a brick and mortar foundation, became a fixture as between the owner and claimants of laborers' liens thereon. .

MECHANICS' LIENS—ORAL TRANSFER—VALIDITY.

5. Since the right to a mechanic's lien is but an incident to the debt, a parol transfer of the debt transfers the right to the lien.

MECHANICS' LIENS—LABORER'S LIEN—PRIVITY OF CONTRACT—EVIDENCE.

6. In a suit to foreclose laborer's liens on a sawmill, evidence *held* sufficient to connect the lien claimants with the owner of the property by contract.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by Mr. Chief Justice Eakin.

This is a suit by R. T. McFeron, a minor, by his guardian *ad litem*, Lee McFeron, against John Doyens, Joe Schible and L. M. McFeron, to foreclose laborers' liens on a sawmill. R. T. McFeron, a minor, appears by guardian *ad litem*, and alleges that he performed 113 days' work, at the agreed price of $2.00 per day, in removing a sawmill from the Fidler place, and reconstructing it on the Scism & Steel place for John Doyens; that there has been paid on such work $66; that he commenced work thereon November 5, 1908, and ceased work March 13, 1909; that on March 25, 1909, he filed a notice of lien with the county clerk of Marion County. A similar claim is made by Lee McFeron for 103½ days' work at the same price, upon which there has been paid $93.50, for which work he filed a notice of lien, and thereafter sold, assigned, and transferred the same to plaintiff, who brings this suit to foreclose the liens. Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a lien. The defects in the notice of the lien are also raised upon the evidence; therefore we will pass over the demurrer.

Defendant Doyens answered separately by general denial and alleged, affirmatively, that on the————day of November, 1908, this defendant sold the sawmill in question to L. M. McFeron, the title not to pass until the price has been fully paid; that the mill was moved and erected by L. M. McFeron, by whom plaintiff and Lee McFeron were employed, and that the sawmill is a portable one.

Plaintiff, by his reply, denies the new matter in the answer. Upon the trial the court found the facts in favor of plaintiff, and that the amount due upon the liens is $57, with interest and costs, and that he has a laborer's lien upon the mill therefor. A decree was rendered accordingly. Defendant appeals.        Affirmed.

For appellant there was a brief and an oral argument by *Mr. Carey F. Martin.*

For respondent there was a brief and oral arguments by *Mr. Walter C. Winslow* and *Mr. William P. Lord.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Defendant contends that the notices filed are insufficient to create a lien, in that they are not in the form of notices, do not expressly declare that liens are claimed, and that they do not contain a sufficient description of the property for identification. The notices of lien are in the form of affidavits stating the facts, one being headed, "Lien. R. T. McFeron ag. John Doyens," and the other is in the same form. The statute under which the lien is claimed (Section 7420, L. O. L.) specifies no form of notice. It only requires that the claimant shall "file with the county clerk of the county * * a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed * * and also a description of the property to be charged with said lien, sufficient for identification." The lien notices in this case contain a statement of facts as to each of these requirements. They were filed and recorded in the mechanic's lien record and within the time required. The description of the property to be charged with the lien as described in the notice is "a certain sawmill upon the property of R. M. Scism and Claybourn Steel about four miles southwest of Mt. Angel, Oregon, and reputed to be owned by John Doyens." As between plaintiff and defendant John Doyens this is a sufficient description to identify it. As said in *Kezartee v. Marks,* 15 Or. 529 (16 Pac. 407), if there is enough in the description of the locality and other peculiarities of the building to identify it—to point it out with reasonable certainty—the statutory requisition is complied with.

2. In the absence of subsequent lienholders or purchas-

ers, the description is sufficient, and will enable one familiar with the location to point out the property.

3. Defendant seeks to establish that the mill is a portable one. Whether it is or not we deem immaterial, as plaintiff does not ask relief against the land. The statute gives a lien upon any building, machinery, or structure, and it is not essential that it be attached to or made a part of the realty. It is held in *Kezartee v. Marks,* 15 Or. 529 (16 Pac. 407) that, where the title to the structure and the title to the land are in different persons and the land is not described, the notice specifying the structure, the lien may attach to it but not to the land.

4. But even if the mill had been what is known as a portable mill yet when erected upon the land and imbedded in brick and mortar foundation, it may become a fixture. *Washburn v. Inter-Mountain Min. Co.,* 56 Or. 578 (109 Pac. 383).

5. Again, defendant contends that, as the assignment by Lee McFeron of his claim and lien was verbal, it is insufficient to transfer the title to the lien to plaintiff. Although the courts of some states hold that the lien, being an interest in real estate, can only be transferred by a writing, it is settled in this State that a mortgage on real estate is only an incident of the debt, and that the transfer of the debt carries with it the security. *Roberts v. Sutherlin,* 4 Or. 219; *Barringer v. Loder,* 47 Or. 223, 229 (81 Pac. 778); Boisot, Mechanics' Liens, § 12, states that, as in the case of a mortgage so with a mechanic's lien, an assignment of the debt or account secured operates as an assignment of the lien. And it is also the rule in this State that any debt or claim may be transferred by parol which operates as an equitable assignment and transfers all the interest of the assignor. *Moore v. Miller,* 6 Or. 254 (25 Am. Rep. 518); *First Nat. Bank v. McCullough,* 50 Or. 508, 514 (93 Pac. 366: 17 L. R. A. [N. S.] 1105: 126 Am. St. Rep. 758); *Trueblood v. Shellhouse,* 19 Ind. App. 91, 95 (49 N. E. 47). The assignment by parol was sufficient.

6. The evidence is not specific as to whether the removal and erection of the mill on the Scism and Steel place was done for L. M. McFeron or John Doyens, but the allegation is that it was for Doyens, and the testimony for plaintiff tends to sustain that allegation. McFeron did not purchase the mill until February 15, 1909, at which time it had been moved and rebuilt to such an extent that it could be used in cutting lumber for the erection of the mill building. It is described in the contract as the mill situated on the Scism and Steel place, and it appears that Doyens made the payments to plaintiff and Lee McFeron that are credited on the claim, and the conclusion is justified that the work was done for defendant Doyens. L. M. McFeron being in charge of the work he is by statute made the agent of Doyens which connects the laborers with the owner of the property by contract.

The other errors assigned are without merit. The decree is affirmed.                                   AFFIRMED.

Decided August 1, 1911.

ON PETITION FOR REHEARING.

[116 Pac. 1065.]

In the petition for a rehearing, counsel contend that the court is in error in holding that L. M. McFeron purchased the mill on February 15, 1909, but the only evidence of such purchase was the written contract of sale of that date in which Doyens retained the title of the mill until the price should be paid. From the evidence it appears that a sale was contemplated as early as November, 1908, but there is no evidence that the terms of sale were agreed upon; and the statement of Doyens that the delivery of the machinery to the McFerons was in November did not necessarily mean, as counsel asserts, that the delivery was under the contract of sale, as it was not sold to the McFerons but to L. M. McFeron. Defendant's counsel asked Doyens to explain as to the

sale of the mill, but the question was abandoned when objected to. L. M. McFeron testifies that Doyens was the owner of the mill and that Doyens and he were putting up the mill. When asked if he had bought the mill he answered, "Well, in a way," all tending to show that the sale was not consummated until the time the contract was executed. The burden of the petition is that the plaintiff and Lee McFeron have included in the lien claim an item not lienable, viz., for work done in the manufacture of lumber, and this refers to $37 worth of lumber sold by Lee McFeron on February 26, 1909.

The testimony tends to show that in erecting the mill it was placed on a foundation, and the lumber to set it up and to house it was sawed as needed for that purpose; that they would saw for an hour or two in the morning and then build for the remainder of the day. The amount of lumber sawed is not shown by the record to exceed 6,000 feet. Counsel refers to a laborer's lien notice on 10,000 feet of lumber in the yard, as evidence that that amount was sawed for market. But the notice of lien is not evidence that the lumber was there. Such an exhibit is not in the record nor the offer of it shown in the evidence. Steel, who furnished the logs cut, was a witness, and testifies that L. M. McFeron settled for the logs, and if more than 6,000 feet were sawed he could have established it, but he says nothing about it.

It is testified by Lee McFeron that the work done upon the lumber sold in February, 1909, is not included in the lien, but if it was the amount of the work of these two men in sawing, it would be but a fraction of a day, and too small to defeat the lien. As in *Cochran* v. *Baker*, 34 Or. 555 (52 Pac. 520: 56 Pac. 641), the non-lienable items were too small to have been included for the purpose of gaining an advantage and should not defeat the lien.

The petition is denied.

AFFIRMED: REHEARING DENIED.