Argued January 7, affirmed May 13, 1964

LAMBERT ET AL *v.* STUPEK ET AL

392 P. 2d 255

*David H. Breuer,* Portland, argued the cause for appellants. With him on the brief was Dardano & Mowry, Portland.

*Ben Anderson,* Portland, argued the cause for respondents. On the brief was Anderson, Franklin, Jones, Olsen & Bennett, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

The plaintiff brought this suit to foreclose a lien. The trial court entered judgment foreclosing plaintiffs' lien for nursery stock delivered by plaintiffs to defendants, and entered a personal judgment against the defendants for labor performed by the plaintiffs. Defendants appeal.

The defendants contend it was error for the trial court to foreclose the lien claimed by the plaintiffs as a "nurseryman's lien."

The plaintiffs are nurserymen operating "Lambert Gardens." The defendants wished to have their property landscaped. There was discussion as to some of the shrubs and plants to be used. The plaintiffs thereafter planted numerous shrubs and plants on the defendants' premises and expended time and labor in planting them, doing some grading and other work. A dispute arose between the parties, and plaintiffs filed the lien sought to be foreclosed.

The lien notice filed by plaintiffs in the office of

the county clerk and ex-officio recorder of conveyances in Clackamas County, Oregon, is on a printed mechanic's lien form. It sets forth in detail the number and kinds of shrubs and plants, the price charged for each shrub and plant, and the totals. It also sets out the sum of $717.38 as labor for "making beds, building planter box, planting shrubs, fixing drain, cleaning entryway," plus 10% for personal supervision.

The defendants contend that, since a mechanic's lien form was used, it is insufficient to comply with the requirement of the statute providing for a nurseryman's lien and, therefore, the trial court was in error in granting its foreclosure.

ORS 87.370 reads as follows:

"For the purposes of ORS 87.370 to 87.395, 'nursery stock' means fruit trees, fruit-tree stock, nut trees, grape vines, fruit bushes, rose bushes, rose stock, forest and ornamental trees and shrubs (both deciduous and evergreen), florists' stock and cuttings, scions and seedlings of fruit or ornamental trees and shrubs, and all other fruit-bearing plants and parts thereof and plant products for propagation or planting."

ORS 87.380 reads as follows:

"Every person claiming a lien under ORS 87.375 shall file with the recording officer of the county where the land is situated, within six months after furnishing the nursery stock, a statement verified by his oath containing a bill for the nursery stock, the substance of the contract, the name of the contractor, a description by metes and bounds of the land for which the stock was furnished, the total amount of the demand of such claimant after deducting all setoffs and counterclaims and a statement that the amount claimed is a true and bona fide existing debt."

In *Pearcy v. Col. Growers & Pac. Corp.*, 173 Or 1, 6, 143 P2d 913, 149 ALR 1378, we stated:

"A statute creating a right to a lien is remedial in character and should be liberally construed in favor of those for whose benefit it was enacted. Nevertheless any one claiming such a lien must show substantial compliance with the requirements of the statute and bring himself within its provisions: Craig v. Crystal Realty Co., 89 Or. 25, 173 P. 322, and authorities therein cited."

■ In our opinion, it is immaterial whether the lien-claim filed is entitled a "mechanic's lien" or a "nurseryman's lien" so long as the instrument filed discloses substantial compliance with the statute under which the lien is claimed. *McFeron v. Doyens,* 59 Or 366, 116 P 1063.

The statute above set out requires (1) the filing with the recording officer of the county where the land is situated (2) within six months after furnishing the nursery stock (3) a statement verified under oath containing (a) a bill for the nursery stock, (b) the substance of the contract, (c) the name of the contractor, (d) a description by metes and bounds of the land for which the stock was furnished, (e) the total amount of the demand, after deducting all setoffs and counterclaims, and (f) a statement that the amount claimed is a true and bona fide existing debt.

■ An examination of the lien filed discloses that each of these requirements was met in the lien notice filed.

The defendants also contend that the lien notice set forth the amount charged for planting the shrubs and other labor performed which is nonlienable under a nurseryman's lien. *Pearcy v. Col. Growers & Pac. Corp.,* supra.

■ It is well-settled, that if nonlienable items are included in a lien notice with lienable items in such a manner that they can be segregated only through oral testimony, the lien is nonenforceable. *Wiggins v. Southwood Park Corp. et al,* 221 Or 61, 350 P2d 436.

■ If, however, the lienable and nonlienable items are segregated so that the lienable and nonlienable items can be determined from the notice itself, the lien is enforceable to the extent of the lienable items. *McCormack v. Bertschinger,* 115 Or 250, 237 P 363.

■ The defendants also contend that the agreement between the parties, which was oral, was that the plaintiffs would furnish the plants and do the work for $1,000.

It is true that defendants testified they told the plaintiffs they were "interested in spending around $1,000," but there is no evidence that plaintiffs accepted the work or sale of shrubs on that basis. The defendants also testified the plaintiffs said "it doesn't cost much more to get it done right and good stuff in." It is also clear from the records, that, at the time the conversation referred to was had, the number of shrubs to be planted and the work to be done to complete the landscaping was unknown. There was no firm contract as to the amount of money to be expended.

We have carefully examined the evidence in this case and we are of the opinion that the trial court's determination of the facts should be sustained.

The judgment is, therefore, affirmed. Neither party to recover costs in this court.