Submitted on briefs March 22, affirmed April 5, 1927.

# A. JOHNSON *v.* DAVID ALM ET AL.

(254 Pac. 803.)

Mechanics' Liens—Materialman's Notice to Owner When Commencing to Furnish Material for Building is Condition Precedent to Creation of Lien (Or. L., § 10191 et seq.).

1. Giving notice to property owner by materialman, under Section 10191 et seq., Or. L., that he has commenced to furnish material for use on building for which lien will be claimed, is condition precedent to right to claim lien.

Mechanics' Lien—Where No Lien Exists for Material for Want of Preliminary Notice to Owner, Lien Claim, not Segregating Lienable Items of Labor, is Wholly Void.

2. Where lien claim includes labor and material items not segregated, and no lien for material exists because of failure to give owner notice when commencing delivery, the whole claim fails.

---

Mechanics' Liens, 40 C. J., p. 130, n. 42, p. 162, n. 6, p. 247, n. 94, p. 434, n. 81, p. 495, n. 62, p. 502, n. 41.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

ʹAFFIRMED.

For appellant there was a brief over the name of *Mr. G. G. Smith.*

For David Alm, respondent, there was a brief over the name of *Mr. W. L. McFarling.*

For W. A. Hattrem and J. R. Hattrem, respondents, there was a brief over the names of *Mr. Frank S. Sever* and *Mr. T. B. Handley.*

---

2. Inclusion of lienable and nonlienable items in claim of lien, see notes in 57 Am. St. Rep. 633; 60 Am. St. Rep. 549; 67 Am. St. Rep. 281; Ann. Cas. 1914D, 883; 29 L. R. A. (N. S.) 315.

For the Prudential Insurance Co., respondent, there was a brief over the name of *Messrs. Brice & Brazell.*

McBRIDE, J.—This is a suit to foreclose an alleged mechanics' and materialmen's lien. We gather from the pleadings, which are lengthy, that about September 20, 1925, W. A. Hattrem and J. R. Hattrem were the owners of lots 19 and 20 in block 33 in Irvington Addition, Portland. That at said date they contracted with David Alm for the complete construction of a house upon said premises. That Alm sublet a portion of the contract to the plaintiff Johnson, by which Johnson was to furnish the oils, paints and labor for painting said house at an agreed price of $670, and that the said paints, oils and labor were furnished accordingly. The Prudential Insurance Company of America, a corporation, who held a prior mortgage on the property, was also made a defendant. The defendant Johnson filed a notice of lien for the sum of $670, the amount of his contract with Alm, which notice sets forth his claim as follows:

"David Alm in Acc't With A. Johnson.
"To materials furnished and labor performed
as per contract, ...................... $670."

1. The lien fully describes the property in other respects than the segregation of the amount due for materials furnished, and is substantially in compliance with the statute, except that it does not set forth any compliance with that portion of Section 10191, Or. L., as to giving notice to the owners of the property of the fact that the claimant had contracted to furnish materials. Several questions are raised here, but the whole case really rests upon a compliance with this part of Section 10191, Or. L.

This statute provides that—

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman and other persons performing labor upon or furnishing material, or transporting or hauling any material of any kind to be used in the construction, alteration or repair, either in whole or in part of any building, * * shall have a lien upon the same for the work or labor done or transportation or material furnished, * * ."

This is followed by a proviso to the effect that any person who so contracted shall not later than five days after the date of the first delivery to any contractor or agent of material or supplies for which a lien may be claimed, deliver or mail to the owner or reputed owner of the property a notice in writing stating in substance and effect that such person has commenced to deliver material and supplies for use thereon, with the name of the contractor or agent or other person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person. After these general provisions follows this clause of the same section.

"No materialmen's lien for material or supplies furnished to the contractor or the agent of any owner or reputed owner shall be enforced unless the above provisions of this act have been complied with."

There was no notice given as required by this section. None is pleaded in the complaint and, as expressly stated by counsel for plaintiff, no such notice was given. We think that this is fatal to the lien.

The right to a materialmen's lien consists of two elements: first, the furnishing of the material under the circumstances provided by statute and, secondly, the giving of notice to the owner of the property of

the fact that the claimant has commenced actually to furnish such material.

2. When the statute says that a lien shall not be enforced unless this notice is given, it in effect says that a lien does not exist. It is going too far in legal refinement to say that the statute can give a lien and in the same breath say that such lien shall be unenforceable, or in effect that there is no lien. That is the case here. The furnishing of materials of itself does not create a lien. The other element, namely, giving notice to the owner as required by the statute must be complied with before any lien can exist. So, the furnishing of material does not become a lienable item until notice to the owner is pleaded and proved. So here we have a notice of lien in which a claim for labor wholly lienable is joined with a claim for materials not lienable with no segregation in the notice or in the complaint.

We have held in a number of instances that, where a claim included both lienable and nonlienable items, and where they are joined together in a lumping charge without any segregation, the whole lien becomes void: *West Side Lumber & Shingle Co.* v. *Herald,* 64 Or. 210 (128 Pac. 1006); *Christman* v. *Salway,* 103 Or. 666 (205 Pac. 541); *Stewart* v. *Spalding,* 71 Or. 310 (141 Pac. 1127); *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329 (106 Pac. 447); *Getty* v. *Ames,* 30 Or. 573 (48 Pac. 355, 60 Am. St. Rep. 835); *Williams* v. *Toledo Coal Co.,* 25 Or. 426 (36 Pac. 159, 42 Am. St. Rep. 699); *Gordon* v. *Deal,* 23 Or. 153 (31 Pac. 287); *Kezertee* v. *Marks,* 15 Or. 529 (16 Pac. 407); *Dalles Lumber Co.* v. *Wasco Woolen Mfg. Co.,* 3 Or. 527.

The defendants Hattrem moved to dismiss the complaint for this reason and the court very properly,

we think, sustained the motion.   Later, the defendants asked leave to introduce testimony segregating the cost of materials and the cost of labor, but even if it were admissible to allow evidence to be introduced, it could not have added any strength to their case.   We think the order dismissing the complaint was correct, and as to the other questions which might be raised in a personal action by the plaintiff against the defendants Hattrem or Alm, or both of them, we think it unnecessary to express an opinion.   Plaintiff is not concluded by any judgment heretofore rendered from bringing such personal action if he sees fit.   It is perhaps unfortunate that the lien law has not provided for a final settlement of questions such as these under the lien statute, but, as it has not, we cannot be wiser than the law.

The judgment of the lower court is affirmed.

Affirmed.