Argued October 28, 1970, affirmed January 27, 1971

BENJ. FRANKLIN FEDERAL SAVINGS AND
LOAN ASS'N, *Respondent, v.* HALLMARK,
INC. ET AL, *Defendants,* JACK LARGENT
COMPANY, INC. ET AL, *Appellants.*

479 P2d 740

*F. P. Stager*, Salem, argued the cause for appellant Jack Largent Company, Inc. With him on the briefs was Howard Kaffun, Salem, attorney for appellant T & J Masonry, Inc.

*Kenneth W. Baines*, Portland, argued the cause for respondent. With him on the brief were Wheelock, Richardson, Niehaus, Baines & Murphy, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN and HOWELL, Justices.

HOLMAN, J.

This is a suit to foreclose a mortgage held by plaintiff which secured a residence construction loan made to the defendant Hallmark, Inc. Defendants Jack Largent Co., Inc., and T & J Masonry, Inc., are each the holder of a mechanic's and materialmen's lien upon the improvement pursuant to ORS 87.010 (1).[①] The two lienors (hereinafter referred to as defendants) have appealed from a decree of the trial court holding that plaintiff's mortgage has priority over their liens.

Plaintiff loaned the money to Hallmark to construct the improvement. Defendants contracted directly with Hallmark to do the work and to furnish

---

[①] ORS 87.010 (1): Any mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman or other person performing labor upon, transporting or furnishing any material to be used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished at the instance of the owner of the improvement or his agent.

the materials for a lump sum price. Hallmark did not pay defendants and they filed their liens. The liens did not segregate charges for labor from charges for materials. Plaintiff's mortgage was recorded before defendants did any work or furnished any materials. No notice of the delivery of materials was given by defendants to plaintiff. The basis for the trial court's holding that plaintiff's mortgage had priority over defendants' liens was defendants' failure to give such notice.

The issue presented is rather narrow. It involves construction of ORS 87.025 (3)[2] which provides that before a lien *for materials and supplies* has priority over a previously recorded mortgage on either land or buildings, notice must be given as prescribed therein to the mortgagee. A lien *for labor* has such priority without the giving of any notice. The question presented here is what the effect is upon the priorities where the lien lumps *both labor and materials* and no notice of the delivery of materials has been given to the mortgagee. The statute is silent on the subject and there are no cases directly in point.

---

[2] ORS 87.025 (3): No lien for materials or supplies shall have priority over any recorded mortgage on either the land or building unless the person furnishing such material or supplies, not later than 10 days after the date of the first delivery of material or supplies for which a lien may be claimed, delivers in person and evidences the delivery by receipt thereof, or mails by registered letter to the owner of record of such mortgage recorded at the time of the commencement of the delivery of such material or supplies, a notice in writing stating in substance that such person has commenced to deliver material and supplies for use thereon, with the name of the person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person for use thereon and that payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien against the property unless the person giving the notice is in fact paid.

ORS 87.020 (1)⑨ requires notice to the owner of property by one who supplies materials to a contractor before a lien for such supplies can be enforced. Like ORS 87.025, it does not require notice of labor performed. It is a parallel or similar situation to the present case insofar as notice is concerned because in neither instance does the person to whom notice must be given have any contractual relationship with the person furnishing the materials. However, ORS 87.020, the owners' notice statute, has a provision that ORS 87.025, the mortgagees' notice statute, does not. Subsection (5)⑩ provides that where the lien is for both labor and materials, no notice is necessary to secure a lien that is prior to the owner's interest. This subsection was added by ch 602, § 1, Oregon Laws 1967. No similar section was added to ORS 87.025.

---

⑨ ORS 87.020 (1): Except as provided in subsection (5) of this section, any person furnishing any material or supplies to be used in the construction of an improvement shall, not later than 10 days after the date of delivery to a contractor or agent of the material or supplies for which a lien may be claimed under ORS 87.010, deliver in person, and evidence the delivery by receipt thereof, or mail by registered letter to the owner or reputed owner of the property on or about which the material or supplies are to be used, a notice in writing stating in substance that such person is delivering material and supplies for use thereon, with the name of the person ordering the same, and that a lien may be claimed for all such material and supplies delivered after a date which is 10 days before such notice was so delivered or mailed, and that payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien against the property unless the person giving the notice is in fact paid, and no further notice of this or any subsequent delivery to the owner is necessary. No materialmen's lien for material or supplies furnished to the contractor or the agent of any owner or reputed owner shall be enforced unless such notice is given.

⑩ ORS 87.020 (5): A person who performs labor upon any improvement and in addition furnishes material used in the construction of that improvement need not give the notice required in subsection (1) of this section in order to acquire a lien under ORS 87.010.

Prior to the amendment to ORS 87.020, which added the provision that no notice was necessary to the owner where both labor and materials were furnished to the contractor, there were at least two decisions holding that where both labor and materials were furnished by the same claimant, and no notice was given of the delivery of the materials to the owner, there was no valid lien for materials; and where there was no segregation of labor and materials in the lien, the lien was void because of the lumping together of lienable and non-lienable items. *Lakeview Drilling Co. v. Stark et al*, 210 Or 306, 314, 310 P2d 627 (1957) and *Johnson v. Alm et al*, 121 Or 285, 288, 254 P 803 (1927).

Presumably, subsection (5) of ORS 87.020 was enacted to negative the result of these cases. The legislature did not enact a similar provision as part of ORS 87.025 which relates to the notice to mortgagees. Because we cannot distinguish between the notice provisions relating to owners prior to the 1967 amendment and the present provisions relating to notice to mortgagees, we are forced to conclude that *Lakeview* and *Johnson* control the present question and that it was not the intention of the legislature to relax the notice requirements to mortgagees, where both labor and materials were furnished, as it relaxed them in relation to owners.

It can be argued that *Lakeview* and *Johnson* have no application to the present situation because the rule preventing the lumping of lienable and non-lienable items is relevant only to the existence of a valid lien and in the present case there is no question of the validity of the lien. It is a valid lien. The only question is one of priority. Whether such an argu-

ment is valid and whether the lumping rule is relevant to the priority as well as to the validity of the lien depends upon the rationale behind the rule. We have found no Oregon cases which discuss the rationale, though literally dozens of cases have either applied or refused to apply the rule, depending upon the circumstances. Our investigation leads us to believe that the prevailing rationale behind the rule is that the owner of the improvement has a right to know, from the face of the lien as filed, the amount which has become a charge upon the property so that he may, in advance of foreclosure, discharge the property of the encumbrance by tender or payment. *Harris v. Harris*, 9 Colo App 211, 219, 47 P 841 (1897); *Scheibner v. Cohnen*, 108 Mich 165, 167, 65 NW 760 (1895) (Mr. Justice Grant dissenting); *Edgar v. Salisbury et al*, 17 Mo 271, 272 (1852); *Nelson v. Withrow*, 14 Mo App 270, 277 (1883); *Boyle v. Mining Co.*, 9 NM 237, 252, 50 P 347 (1897).

Because of lack of notice to the mortgagee of the delivery of materials, the mortgage has priority to any lien for materials but it is inferior to the lien for labor. In the absence of segregation in the lien, the mortgagee is placed in the same relative position as an owner when it comes to protecting his interest in the property by payment of the amount which has priority. He cannot tell by looking at the lien how much of it relates to labor and how much to materials. If the lienor, under such circumstances, were allowed to assert priority to the mortgage for the unsegregated labor, the mortgagee would find out the amount he had to pay in order to sustain the position of his mortgage only after having incurred the expense of litigation. Thus, it would appear that the reason for

the rule invalidating a lien where lienable and non-lienable items had been lumped together is equally applicable to the establishment of priorities.

■■ In summary, we hold that defendants' liens for materials upon the improvement are inferior in priority to plaintiff's mortgage because defendants failed to give the notice of the delivery of the materials required by ORS 87.025 (3). Because the liens lumped the items which were entitled to priority with those which were not, the plaintiff-mortgagee could not tell in advance of litigation by inspection of the liens the amounts that had to be paid to the defendants-lienors to protect its mortgage. Therefore, by lumping in their liens those items which were entitled to priority with those which were not, defendants lost priority to plaintiff's mortgage of those portions of their liens which were for labor.

■ The defendants contend that they are original contractors, having dealt directly with the owner, and that ORS 87.025 (3) demonstrates that it is not applicable to an original contractor because it requires that the notice to the mortgagee contain the language "* * * payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien * * *." Defendants point out that this language could be applicable only to a lien claimant who dealt with a contractor and not to one who dealt directly with the owner, as defendants in the present case did. The fallacy in defendants' contention is that the language pointed out is only part of the notice that is required to be given the mortgagee and therefore is not a direct limitation upon the scope of the subsection. We believe the statute was intended to cover the priority between a mortgage and a lien for materials whether

the materials were furnished directly to the owner or to a contractor. There would appear to be no rational basis to require a notice to the mortgagee where the materials were supplied to a contractor and not to require such a notice where the materials were supplied directly to the owner. In neither situation is there more or less the likelihood that the mortgagee would have knowledge of who furnished what materials.

■ The defendants contend as follows:

"An original contractor does not just have a lien for materials or supplies, his lien is for the price specified in the contract. The original contractor's contract price includes labor, equipment, materials, supplies, overhead, contingencies, etc. The original contractor is not a materialman who can easily segregate the cost of his materials * * * *."

Even though a person who contracts directly with the owner has a lien for the contract price which includes all of the cost of operation, such lien has priority to the mortgage only for the reasonable value of the labor and/or materials because the lienor has no contract with the mortgagee. We believe the difficulties of distinguishing between the reasonable value and the contract price, and of segregating the value of materials from services, are overemphasized. Normally, the reasonable value of the services and materials includes items such as overhead, use of equipment, etc., and is identical with the contract price. A person who makes a bid or who offers to enter into a contract for a specific sum necessarily must have some fairly definite idea relative to the value of each item of services or materials which the contract requires him to do or to furnish. We do not believe the difficulties

mentioned to be the insuperable problems the defendants suggest.

Defendants further contend that the purpose of the notice provision is to prevent the mortgagee from paying twice and that a mortgagee can never be doubly liable for an amount owed to one who contracts directly with the owner. We do not follow defendants' reasoning. In the present case, the mortgagee loaned the money for the construction. If the owner did not pay the defendants and the defendants have liens prior to plaintiff's mortgage, plaintiff also will have to pay the amounts owing defendants to protect its mortgage. Thus, plaintiff would pay for the improvement when it made the loan and again when it paid off the lien.

The judgment of the trial court is affirmed.