Argued February 2, affirmed as modified and remanded
March 31, 1971

BROWN ET AL, *Respondents, v.*
FARRELL, *Appellant.*

FARRELL, *Appellant, v.* BROWN ET AL,
*Respondents and Cross-Appellants,* ALLEN ET AL,
*Respondents.*
483 P2d 453

*Gary G. Jones,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Norman K. Winslow,* Salem, argued the cause and filed briefs for respondents and cross-appellants Darryl Brown, Nellie Brown, and Abrams & Rosbach, Inc.

James O. Garrett, and Crawford, Garrett & Webb, Salem, filed a brief for respondent Allen.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

The Browns contracted with Abrams and Rosbach (A&R) for the construction by A&R of a fourplex. A&R subcontracted the plumbing work to Farrell and the electrical work to Allen. Farrell and Allen filed mechanic's liens for labor and materials. Farrell brought a suit to foreclose his lien against the Browns and A&R and also made Allen a party defendant because Allen's lien was of record. Allen filed a counterclaim to foreclose his lien. A&R then filed a counterclaim and a suit for an accounting against Allen.

Almost simultaneously with the commencement of the above-described litigation by Farrell, the Browns and A&R commenced a proceeding against Farrell to remove the cloud of Farrell's lien from the Browns' property.

The cases were consolidated for the purposes of trial and appeal. The trial court held the Farrell lien invalid and the Allen lien valid in an amount slightly smaller than the sum for which the lien was filed. It also allowed a small recovery on A&R's counterclaim against Allen. Farrell appealed from the holding that his lien was invalid and the Browns and A&R appealed from the foreclosure of Allen's lien. A&R also appealed from the amount of their recovery on its counterclaim against Allen. The other parties to the litigation, who have not been mentioned, are unimportant to the issues raised upon appeal.

We will first dispose of the litigation between Farrell on one side and the Browns and A&R on the other. The trial court held that Farrell's lien was invalid because it was not timely filed. ORS 87.035[①] requires that a mechanic's lien which is filed by other than the original contractor must be filed within 45 days after the completion of the construction, or within 45 days after the lienor has ceased to perform work or to furnish materials. Farrell's complaint alleged that the work was done between the 13th day of May and the 25th day of September and that the lien was filed

---

[①] ORS 87.035: "* * * every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, except the original contractor, claiming the benefit of ORS 87.005 to 87.075, within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, shall file for recording with the recording officer of the county in which the improvement, or some part thereof, is situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, * * *."

on the 21st day of October. The lien form, a copy of which was made part of the complaint, stated that it was filed within 45 days of the time the work was performed and materials were furnished by Farrell. The complaint to foreclose the lien did not allege the date of the completion of the construction or that the lien was filed 45 days after such time. One of the bases for the Browns' and A&R's complaint to remove a cloud from the Browns' title was that the lien was not filed within 45 days of Farrell's last performing work or furnishing materials. This allegation was denied only, and Farrell did not answer by alleging that his lien was filed within 45 days of the completion of the construction.

■ Upon proof, it was shown that Farrell substantially completed such work as he did on May 20, not on September 25. He returned on September 25 to repair a washer and to attend to some other minor matter. The trial court held that the work performed on September 25 was of such minor consequence that it could not be construed to extend the time within which he furnished materials or worked. The court, therefore, invalidated the lien because it was not filed within 45 days of Farrell's last work or his furnishing of his last materials. The building was not completed until sometime in November, long after the time Farrell had filed his lien. Thus, the lien was filed within 45 days after the completion of the construction. The trial judge held that

"* * * notwithstanding that the plaintiff had the statutory right to file the lien within forty-five days after the 'completion of the construction', * * * he chose to allege his cause of suit upon a theory that the lien was filed within forty-five days after the plaintiff 'ceased performance', and the

case was at issue and tried upon that theory. The plaintiff having made the election to proceed upon that theory now has the burden to establish the truth of the allegations of his complaint."

■ We agree with the trial court's holding that the work performed on September 25 was inconsequential and that it did not extend the time within which Farrell performed work on the structure. We disagree, however, with the trial judge concerning the limitation of the issues by the pleadings. We believe his refusal to uphold the lien because it stated it was filed within 45 days of the time Farrell ceased to furnish labor and materials, when it was not, was overly technical. The fact that the pleadings so alleged by setting forth the lien in the complaint was not harmful to A&R and the Browns in preparing for or in trying their case. The Browns and A&R testified as to the time of the completion of the building. There is no question that the lien was filed before the building was completed and, thus, within the requisite time provided by statute. They could not have changed this fact by any preparation for trial.

The Browns and A &R also contend that the lien did not contain a true statement of Farrell's claim as required by ORS 87.035, and, therefore, it was invalid. The lien was filed for $2,806, of which $1,124.01 was for materials, $112.40 for profit, and $1,569.59 for labor. The materials which were furnished were all itemized in the lien. Only about $700 of the labor was furnished and all claims for labor were lumped together in one item.

■ Farrell, after completing the roughing-in of the plumbing, did not go back and finish the job because he became concerned, apparently justifiably, about

whether he was going to be paid. When he filed his lien, he filed it as if the work had been completed even though this was not the case. He excuses himself by saying that at the time he filed the lien he did not know whether he was going to complete the job or not. It is clear that he had no right to a lien for work he had not performed, and, therefore, he should not have filed the lien as he did. The labor which was performed was lumped with that which was not performed, and, therefore, no recovery for labor can be had regardless of the intent with which the extra labor was included. *Benj. Franklin S&L v. Hallmark*, 257 Or 436, 479 P2d 740 (1971).

■■ The more difficult question is whether Farrell should be entitled to a lien for the materials which he did furnish and which were separately itemized in the lien. There are many Oregon cases which say that where the lien is negligently or fraudulently overstated it will be invalidated in its entirety. We have no quarrel with the statement that where fraud is involved, equity should not lend its powers to the foreclosure of the lien. However, we do not believe that negligence alone ought to defeat a lien in all circumstances. We think the rule was properly stated by Mr. Justice MCBRIDE in *Bartels v. McCullough*, 102 Or 66, 201 P 733 (1921):

> "In *Mason v. Germaine, supra*, the court discussing this subject under a similar statute remarked:
>
> " 'The fact that the complaint and notice of lien claimed as due plaintiffs a larger amount than that found by the court, will not destroy their lien for the amount actually due, unless there be a fraudulent intent in filing the same, which must be proved and will not be presumed.'
>
> "This statement appears to us to be fair and

equitable, and we adopt it, with the reservation, however, that there may be cases where the negligence in preparing the notice is so gross and palpable or has so misled the defendant as itself to raise a presumption of intentional fraud, or has occasioned such action by a defendant in the premises as to preclude the plaintiff from any right to relief in equity. We do not find these conditions in this case, and we are not disposed to fine plaintiff $362 for making a mistake of $43 in the amount claimed in his notice." 102 Or at 72.

We do not believe that the actions of Farrell were fraudulent or so grossly and palpably negligent as to raise a presumption of fraud. We should not expect great perspicacity about legal matters from a plumber. Nor were the actions of Farrell misleading as to materials, for they were all itemized in the lien, and A&R and the Browns could ascertain that they were actually furnished to the job. We see no public policy, in the absence of fraud, which militates against allowing Farrell, under the circumstances involved here, a valid lien for the materials which he furnished. However, it is not clear from the lien whether the claimed profit of $112.40 referred to work, materials, or both. It was not possible to tell from an inspection of the lien whether it was a legitimate item or not, and, therefore, it should not be allowed. *Benj. Franklin S&L v. Hallmark, supra.*

We will next deal with the Browns' and A&R's appeal from the trial court's holding that Allen's lien was valid. They contend that the trial court erred in failing to sustain their defense of the statute of limitations with reference to Allen's cross complaint seeking to foreclose his lien. The cross complaint was filed on April 28. The six-month period within which the

lien could be foreclosed<sup>②</sup> elapsed April 29. A certified copy of the foreclosure complaint was mailed to counsel for the Browns and A&R on May 1. The filing of Allen's foreclosure complaint is conceded to have occurred within the statutory time. However, the Browns and A&R claim that the required notification of the filing of Allen's complaint was not given to them within the six-month period, and, therefore, the proceeding was not timely. They do not question the method of service; only its timeliness. In support of their contention, the Browns and A&R rely on ORS 12.020, which provides that

> "For the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, * * *."

However, in *Schulmerich v. First National Bank*, 220 Or 528, 349 P2d 849 (1960), this court stated that

> "The general statutes of limitations, ch 12 of ORS are intended only to apply to common law rights of action. They do not affect a special statutory proceeding which sets up its own limitation * * *." 220 Or at 531.

The foreclosure of a mechanic's lien is such a special statutory proceeding. *Bell et al v. Quaker City F&M Ins. Co.*, 230 Or 615, 370 P2d 219 (1962); *Shea v. Graves*, 142 Or 503, 19 P2d 406 (1933); *Burns v. White Swan Mining Co.*, 35 Or 305, 57 P 637 (1899). Accordingly, ORS 12.020 is not applicable to the case at bar.

In determining whether or not Allen's cross com-

---

② ORS 87.055: "No lien described in ORS 87.010 shall bind any improvement for a longer period than six months after the lien is filed unless suit is brought in a proper court within that time to enforce the lien, * * *."

plaint was timely filed, reference must be had to the general provisions of ORS 15.020, which provides:

> "Action shall be commenced by filing a complaint with the clerk of the court. Any time after the action is commenced the plaintiff or his attorney may issue as many original summonses as either may elect * * *."

Under this section, since the cross complaint was filed within the six-month statutory period, the suit was timely filed.

The Browns and A&R next contend that Allen's lien did not contain a true statement of Allen's demand after deducting all credits and offsets as required by ORS 87.035. Allen made a bid on the electrical work of $2,450, which was accepted. He was paid $1,960, leaving a balance of $490 for which he filed the lien. The bid specified that the light fixtures were to be furnished by A&R. During the trial, a cost sheet compiled by Allen, showing the items which made up the bid of $2,450, was introduced. It had the following memorandum upon it: "Fixtures @ $65.00 unit— $260.00." Therefore, the Browns and A&R claim that the $2,450 includes materials which were not furnished.

The cost sheet had never been seen prior to trial by A&R and was kept by Allen for his information. It would appear that, insofar as A&R is concerned, a bid of $2,450 was accepted which provided that no fixtures would be furnished, and that that is an end to the matter. No contention is made by the Browns that there should be a diminution of the lien, because they were not bound by the contract price inasmuch as there was no contractual relationship between them and Allen. Therefore, this question does not have to be decided by us.

■ The contention is also made that Allen's lien did not contain a true statement because he admitted he did not do $50 worth of work which was included in the lien. Allen so admitted and the trial court deducted this amount from the $490 claimed. We do not believe that, in equity, this trivial discrepancy should invalidate an otherwise good lien without reasonably conclusive proof of intent by the lienor to take advantage. The trial judge found a lack of any such intent, and we agree with his finding.

■ It is next contended by A&R that Allen owed it a sum of money arising out of a contract under which A&R built a house for Allen about a year prior to the filing of Allen's lien for the work and materials in question here. It is argued that this previously owed sum of money should have been offset against the lien, and that, therefore, the lien did not contain a true statement. The court ruled that Allen actually owed A&R $287 on this prior contract. It is our conclusion that the deduction of all credits and offsets as required by ORS 87.035 does not contemplate credits and offsets which do not arise out of the same transaction. If it were otherwise, the validity of a lien would be dependent upon the outcome of any prior unconnected and disputed matter between the contractor and the subcontractor. It is not reasonable to assume that the legislature so intended.

A&R further contends that the award of $287 on this earlier contract was inadequate. It claims that it should have been awarded $1,306. No contention has been made that this legal counterclaim to an equitable cause of suit should not have been allowed.

This assignment is wholly concerned with ques-

tions of fact. We believe the state of the record is aptly described by the trial judge as follows:

"* * * there was much conflict in the testimony, records of both parties are incomplete and did not fully reflect the full and complete business transactions between the parties and there was little uniformity among them."

It appears to us that the evidence was conflicting but that there was adequate evidence to substantiate the trial judge's finding. Under the present circumstances we do not propose to disturb it.

The judgment and decrees of the trial court are affirmed with the exception that Farrell is decreed to have a valid lien for materials in the sum of $1,124.01, and the case is remanded for the allowance of such attorney's fees to Farrell as the trial court may find to be proper for the trial of the case.