Argued May 4, affirmed June 14, 1972

CAL-ROOF WHOLESALE, INC., *Respondent,* *v.*
CONTRACTORS WEST, INC. ET AL, *Respondents,*
HODGE, *Appellant.*

497 P2d 1181

·*Brian W. O'Brien,* Portland, argued the ·cause and filed a brief for appellant.

*Douglas M. Thompson,* Portland, argued the cause for respondent Western Savings and Loan Company. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL, and BRYSON, Justices.

## HOLMAN, J.

■ The appellant, Hodge, is a subcontractor who seeks foreclosure of his mechanic's lien for labor and materials furnished in the construction of an apartment complex. The only issue is whether Hodge's lien has priority over the previously recorded trust deed given to secure Western Savings and Loan Company (Western) which financed the major cost of construction. Hodge gave no notice to Western as required by ORS 87.025 (3)[1] that he had furnished materials and

---

[1] ORS 87.025 (3) reads as follows:

"No lien for materials or supplies shall have priority over any recorded mortgage on either the land or building unless the person furnishing such material or supplies, not later than 10 days after the date of the first delivery of material or supplies for which a lien may be claimed, delivers in person and evidences the delivery by receipt thereof, or mails by registered letter to the owner of record of such mortgage recorded at the time of the commencement of the delivery of such material or supplies, a notice in writing stating in substance that such person has commenced to deliver material and supplies for use thereon, with the name of the person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person for use thereon

he failed to segregate the charges for labor and materials in his lien. As a result, under normal circumstances, the lien would not have priority over Western's trust deed as to either labor or materials.[9] The trial judge so ruled.

 Hodge seeks to overcome the priority of Western's trust deed by contending Western and the owner-general contractor were joint venturers in the construction of the apartment complex. If such was the case, Western would be in the same position as the owner-general contractor who contracted with Hodge for the work and materials and no notice to Western would be required. The principal basis for Hodge's contention is the fact that the owner-general contractor deposited with Western that portion of the construction funds which was not borrowed from Western, and Western disbursed all money for labor and materials. Hodge argues that both Western and the owner-general contractor would suffer a loss if full value was not received for expenditures for materials and labor and that they were, therefore, joint venturers. However, there was no contract for the sharing of the profits or losses of the venture and the evidence indicates that the reason for Western's control of the funds was to assure that it received adequate security for the money it loaned to the owner-general contractor. Hodge failed to prove a joint venture.

---

and that payment by the owner or lender to the contractor does not remove the right of the person furnishing materials or supplies to claim a lien against the property unless the person giving the notice is in fact paid."

[9]Benj. Franklin S. & L. v. Hallmark, 257 Or 436, 479 P2d 740 (1971).

■ Hodge also contends Western is estopped from asserting the priority of its trust deed because he completed his contract in reliance upon Western's assurance that there were sufficient funds to pay him. The evidence indicates that a month before Hodge completed his contract Western informed him that sufficient funds were still available to cover his contract. At the time the statement was made it was true. There is testimony he was also told thàt before his account could be paid it had to be approved by the owner-general contractor whose agreement with Western so required. This approval was never secured by Hodge, who filed his lien. By this time the funds had become exhausted as the result of the payment of other construction costs. The evidence is insufficient to reach the conclusion that Western *guaranteed* Hodge he would be paid if he completed his contract.

The judgment of the trial court is affirmed.