Argued May 5, affirmed July 27, 1972

# JOHN L. JERSEY & SON, INC., *Respondent, v.* BUD BAILEY CONSTRUCTION CO. ET AL, *Appellants.*

499 P2d 817

*Byron Glade Birch,* Portland, argued the cause and filed a brief for appellants.

*John Spencer Stewart,* Portland, argued the cause for respondent John L. Jersey & Son, Inc. With him on the brief were Paul R. Meyer, and Kobin & Meyer, Portland.

HOLMAN, J.

Plaintiff, John L. Jersey, Inc., a subcontractor, sued to foreclose a mechanic's lien covering the balance alleged due it under a contract for labor and material

Bryson, J., did not participate in the decision of this case.

which it furnished to defendant Bud Bailey Construction Co. (Bailey). Bailey was the general contractor for the construction of a church building on property owned by defendant Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints (Church). The other parties are not material to this appeal. Both defendants appeal from a judgment against Bailey and a foreclosure of the lien against the property of the Church.

Plaintiff contracted with Bailey to perform the excavation and earth work involved in the construction. As part of the contract, plaintiff agreed to bear the cost of securing the services of an engineering firm to supervise and approve the preparation and compaction of certain fill materials by plaintiff.

Defendants contend that the lien is invalid because the items included in it are unsegregated and the lien contains non-lienable items. Specifically, defendants contend that plaintiff should not have included (1) the amount plaintiff owed the engineering firm for the cost of supervision and approval of the preparation and compaction of the fill material and (2) the amount of a lien filed by the firm that furnished plaintiff with such material. Defendants argue that they would have to pay these amounts if plaintiff did not, and, therefore, they should have been offset, pursuant to the provisions of ORS 87.035,[①] from the amount for which the lien was filed.

---

[①] ORS 87.035: "* * * [E]very mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, except the original contractor, claiming the benefit of ORS 87.005 to 87.075, within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, shall file for recording with the recording officer of the county in which the improvement, or some part thereof, is situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, * * *."

■ A subcontractor is not required either to pay first for the labor and materials he furnishes or to deduct from the contract price his unpaid bills therefor before he may file a valid lien. The credits and offsets referred to in ORS 87.035 do not encompass those between the lienor and a third party, but only those liquidated amounts existing between the subcontractor and the general, or prime, contractor. *Cf. Brown v. Farrell,* 258 Or 348, 358, 483 P2d 453 (1971).

Defendants also argue that the following language of ORS 87.070 sustains their contention:

> "*Amount of recovery* by contractor; respective rights of contractor and owner. Any contractor *may recover,* upon a lien filed by him, only the amount due to him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished for which a lien is created by ORS 87.010. Where a lien is filed under ORS 87.005 to 87.075 for work done or material furnished to any contractor, he shall defend any action brought thereupon at his own expense, and during the pendency of such action the owner may withhold from the contractor the amount of money for which such lien is filed * * *." (Emphasis ours.)

This statute does not purport to delineate those items which may be properly included in a lien, but only those upon which recovery may be had at the time of foreclosure. Plaintiff was not allowed to recover the cost of the engineering services because such cost had been paid to the engineering firm by Bailey subsequent to the time plaintiff filed its lien. Plaintiff was allowed to recover the cost of the fill material because

it had been paid by plaintiff prior to trial. The statute is of no help to defendants.®

■ Defendants also contend that plaintiff did not complete the contract because it did not bring the fill material up to the specified grade. As a result, defendants argue that the lien, which is for the unpaid balance of the contract price, is invalid because it includes an unsegregated amount for fill material which was not furnished. The trial court found that plaintiff had performed its contract in conformance with the specifications, and the evidence sustains this conclusion.

The judgment of the trial court is affirmed.

---

® There may be some question whether ORS 87.070 was intended to apply to a *sub*contractor. In any event, we do not have to decide this question in this case, as no recovery was granted to plaintiff for any labor or material furnished by plaintiff for which payment had not been made.