Argued September 7, affirmed November 15, 1973

HAYS, *Respondent, v.* PIGG ET UX, *Appellants.*

515 P2d 924

*Kim L. Jordan,* Grants Pass, argued the cause for

appellants. With him on the briefs were Johnson, Sloan & Jordan, Grants Pass.

*Walter L. Cauble,* Grants Pass, argued the cause for respondent. With him on the brief were Schultz, Salisbury & Cauble, Grants Pass.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is a suit brought by a contractor against the owners for foreclosure of a mechanic's lien covering the cost of erection of a prefabricated modular home. The trial judge rendered judgment for $18,-551.83, which he found to be the unpaid balance due, plus $1,000 as attorney fees, and foreclosed the lien in that amount. Defendants appealed.

The principal dispute concerns the nature of the parties' agreement. Plaintiff claims the contract was for the reasonable value of the labor and materials. Defendants contend plaintiff was to construct the home for $21,500 or less.

The contractor helped arrange the financing, and two proposals were secured from the Jackson County Federal Savings and Loan. One was for $22,000 at $7\frac{1}{2}$ percent interest and the other was for $24,800 at $7\frac{3}{4}$ percent interest. Plaintiff told defendants that the lesser amount would be insufficient since defendants would have to use part of the money from the loan to pay for the land on which the home was to be constructed. However, plaintiff told defendants that he was reasonably sure that he could construct the home for approximately $21,500, the balance of the larger

loan after deducting other costs and fees, and still have money left over.

■ Defendants then suggested to plaintiff that they have a written contract setting out their agreement. However, according to defendants, plaintiff said:

"Just trust me because if I have to go to a written contract we'll have to inflate everything, we'll have to come up with a figure to make sure there's lots of cushion, and that will be excessive profits for me. There's no need for a contract, a written one."

This statement could mean only that plaintiff was unwilling to enter into a binding contract to build the home for the balance of the loan and that if he was tied to an exact amount, the figure would have to be larger. The plain inference was that, although plaintiff believed he could build the home for the balance of the loan, he was proceeding upon the supposition that if it cost more than anticipated he would expect defendants to bear the cost plus a reasonable profit. Defendants allowed plaintiff to proceed on that assumption. We therefore agree with the finding of the trial judge that there was a contract for the reasonable value of the work and therefore find that no basic inconsistency existed, as contended by defendants, concerning the lien, the pleadings, and the proof.

Defendants next contend that the lien contained overstatements sufficient to invalidate the lien. The lien was for $23,076.83 less the payments thereon. The complaint claimed $23,003.33 less the payments. The difference of $73.50 is explained as being due to a clerical duplication which was not discovered until after the lien was filed. Also, prior to trial the amount claimed by the complaint was reduced approximately $309 as the result of a credit granted by the contractor

because of defects and improper instructions concerning the manner in which the home should be erected. At the time of filing the lien, both plaintiff and defendants were aware a credit should be allowed but plaintiff was still negotiating with the seller of the prefabricated home for it. If the credit had not been secured, it is arguable whether the additional cost should have been absorbed by defendants rather than by plaintiff, but plaintiff was under the impression that it should be.

■■ Where a lien contains minor overstatements made in good faith, the lien may be allowed to the extent of the correct amount. In order for the overstatement to invalidate the lien, it must be an intentional one or one made through culpable negligence. *Brown v. Farrell,* 258 Or 348, 358, 483 P2d 453 (1971); *Mercer Steel Co. v. Park Construction Co.,* 242 Or 596, 599-600, 411 P2d 262 (1966); *Boyer v. Dawson,* 207 Or 211, 212-13, 293 P2d 739, 295 P2d 159 (1956); *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 80-81, 274 P2d 804 (1954). The minor overstatements contained in plaintiff's lien are not of the kind which renders the lien invalid.

Defendants next claim that certain lien items should not be allowed because they contained unsegregated lienable and nonlienable charges. The nonlienable charges were the same as those for which the credit of approximately $309 was allowed at the time of trial. One lien item of $462 was for crane rental, of which $132 was subsequently secured as a credit from the manufacturer of the prefabricated home because of misplaced lifting points on the home which necessitated extra crane use. Other challenged items included $65 for the cost of a bathtub which was omitted and for which a credit of $15.00 was subsequently

secured for the additional cost of obtaining another tub; and $14,237.50 for the cost of the home in which some minor damage and imperfections existed and for which credit of approximately $74 was allowed. Extrinsic evidence was necessary to segregate these credits from the items listed in the lien.

■ The general rule has been that where unsegregated lienable and nonlienable charges are lumped together in the lien as one item so that extrinsic evidence is necessary to segregate them, the right to a lien is lost as to all such unsegregated items. *Smith v. Lichtenthaler,* 206 Or 584, 586, 294 P2d 334 (1956); *Anderson v. Chambliss,* 199 Or 400, 414, 262 P2d 298 (1953). The reason for the rule is stated in *Benj. Franklin S&L v. Hallmark,* 257 Or 436, 441, 479 P2d 740 (1971), to be the right of the owner to know from the face of the lien as filed, the amounts of valid claims which have become a charge upon his property so that he may, in advance of foreclosure, discharge the property from the encumbrance by rendering a payment without incurring the cost of litigation.

■ In the present case the defendants were at all times aware of the defects and deficiencies in the prefabricated home and of plaintiff's negotiations with the supplier for a credit on the purchase price. As a result, defendants had sufficient knowledge with which to question the amount of the lien to make sure they received the credit, and they would not have been prejudiced by a lack of information in settlement prior to the commencement of the suit. A simple question would have supplied sufficient information concerning the status of the settlement. Furthermore, another reason exists, discussed next, for not invalidating the lien for the cost of the prefabricated home.

■■ Defendants contend that in an item·for labor of $1,844.50 three hours were included for work·which was actually performed after the date the lien states the work was completed. They claim the cost (about $21) was not lienable and, therefore, the entire amount for labor should be disallowed. We have some cases which justify such a contention. In *Wiggins v. Southwood Park Corp.,* 221 Or 61, 350 P2d 436 (1960), the lien was filed for approximately $30,000 upon which a balance of approximately $1,400 was due. This lien was found to be invalid because a nonlienable item of $72 was included therein. In that case the amount was actually owed, but the labor had not been performed on the specific job for which the lien was filed. It is our opinion that the rule concerning commingling was there carried to a ridiculous extreme. If the nonlienable charge is extremely small as compared to the total item in which it is included, and if it is inserted without malicious intent, the rule of *de minimis non. curat lex* should apply. No one is perfect and small errors are bound to exist in any lien filed upon a construction project of any considerable size. It is not realistic to become so technical that such errors defeat an otherwise valid lien for a large amount. *See Allen v. Elwert,* 29 Or 428, 438, 44 P 823, 48 P 54 (1896).

In addition, defendants made numerous other contentions relating to claimed defects in workmanship and damaged materials. They also asserted certain work was not performed which was contemplated to be within the contract. These contentions involved factual determinations by the trial judge who is in a better position than this court to make such determinations, and we do not propose to disturb his decisions in these regards. *Evans v. Korman,* 264 Or 145, 504 P2d 110, 111 (1972).

■ A settlement offer of $16,500 was made by defendants to plaintiff. It was refused. As a result, defendants claim interest should not be allowed thereafter on any amount of money awarded plaintiff. The claim presupposes that a lesser amount of money than the offer was actually owing. The findings of this court and of the trial court are to the contrary.

■ Lastly, defendants contend the trial court erred in allowing plaintiff to amend his statement of costs and disbursements after the filing of objections thereto which were found to be proper. Plaintiff was allowed to amend by itemizing the miles traveled and the days attended by witnesses. ORS 20.210 provides that the statements of disbursements and objections thereto constitute the only pleadings required on this question, and that "they shall be subject to amendment like pleadings in other cases." We see no abuse of discretion in allowing such an itemization subsequent to the filing of objections.

The decision of the trial court is affirmed.