Argued and submitted May 23, 1988, reversed and remanded on both wage claims; order granting summary judgment on Clarence Hitchman's foreclosure claim vacated; judgment for attorney fees reversed; otherwise affirmed March 8, 1989

HITCHMAN et al,
*Appellants,*

*v.*

BURKEY,
*Respondent.*

(85570; CA A43831)

769 P2d 799

James A. Cox, Lake Oswego, argued the cause for appellants. With him on the briefs was Cox, Peterson & Sussman, Lake Oswego.

Martin J. Birnbaum, Molalla, argued the cause and filed the briefs for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal a judgment for defendant. They brought separate actions against Maxine Hooper during her lifetime to foreclose liens for agricultural services. ORS 87.226(1).[1] After the court consolidated the cases, Hooper died, and the court substituted the personal representative of her estate as defendant. Defendant moved for summary judgment, arguing that the liens were invalid as a matter of law on the grounds that the lien notices included items for nonlienable services that could not be segregated without extrinsic testimony and that the notices asserted liens on nonlienable property. The court granted the motion, with leave to replead.

In their amended complaint, plaintiffs pleaded wage claims and contended that Hooper had "operated two farms for the purpose of raising animals and growing and harvesting crops," that she had employed them between June 1, 1984, and September 9, 1984, to "perform labor on and in connection with decedent's farm and house," that their personal services were rendered at her request and that she maintained the right to direct and control their services. Plaintiff Margery Hitchman asked for $906.50 for services, with interest; plaintiff Clarence Hitchman asked for $5,120 for services, with interest. Plaintiffs also asked for civil penalties and attorney fees. ORS 652.150; ORS 656.200(2). They also asked for the reasonable value of the use of their motor vehicles and of materials that they had purchased and sought to recover miscellaneous expenses that they had incurred in connection with their services. Defendant answered, denying the allegations, and again moved for summary judgment. In support of the motion, he submitted an affidavit, a memorandum of law and a portion of plaintiffs' depositions.

The court ruled that "there [was] no independent evidence in the record other than the [plaintiffs'] testimony

---

[1] ORS 87.226(1) provides:

"A person who performs labor, supplies materials or provides services on farmland, range, ranch, orchard or in that person's place of business to aid the growing or harvesting of crops or the raising of animals has a lien upon the crops or animals for the reasonable or agreed charges for labor, materials or services. The lien upon crops or animals created by this section shall also attach to the proceeds of the crops or animals and to the unborn progeny of the animals which are in utero on the date a notice of claim of lien is filed."

that establishes the claim." Although plaintiffs complied with ORCP 34B(2)[2] and were not required to present a "claim" against Hooper's estate to continue their action, ORS 115.315,[3] the court held that ORS 115.195 nonetheless applies. It provides:

> "A claim that has been disallowed by the personal representative may not be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant."

The court ruled that plaintiffs' amended complaint was equivalent to a "claim" against the estate and that defendant's answer was equivalent to a "disallowance." It granted defendant's motion and entered a judgment on the ground that there was no genuine issue of material fact, because plaintiffs had failed to produce "satisfactory evidence" of the wage agreement other than their own testimony. More than three months after the court entered the judgment, defendant moved for, and the court granted, another judgment for attorney fees of $4,608.75, from which plaintiffs also appeal.

As to the wage claims, plaintiffs argue that their testimony is not barred by ORS 115.195 and that, therefore, the court improperly granted summary judgment, because there is a genuine issue of material fact whether decedent accepted their services knowing that they were not gratuitous. Defendant argues that plaintiffs' actions are "claims" under ORS 111.005(7)[4] and that they must comply with ORS 115.195; otherwise, defendant asserts, he would be "at the mercy of

---

[2] ORCP 34B provides, in part:

"In case of a death of a party, the court shall, on motion, allow the action to be continued:

"* * * * *

"(2)   Against such party's personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after such party's death."

[3] ORS 115.315 provides:

"An action against a decedent commenced before and pending on the date of death of the decedent may be continued as provided in ORCP 34B.(2) without presentation of a claim against the estate of the decedent."

[4] ORS 111.005(7) provides:

" 'Claim' includes liabilities of a decedent, whether arising in contract, in tort or otherwise."

[plaintiffs'] uncorroborated testimony which only the decedent herself could have disproved."

■        Regardless of whether plaintiffs' actions against defendant are "claims" within the meaning of ORS 111.005(7), they were not required to and did not "present" claims against the estate, and defendant did not disallow them. The court erred when it ruled that ORS 115.195 applies and when it entered the summary judgment in defendant's favor.

■        We also review the court's order granting summary judgment on the foreclosure claims as an intermediate order affecting the subsequent judgment on the wage claims. ORS 19.140. With respect to the foreclosure claims, plaintiffs argue that the liens were valid. We must look to the faces of the liens to determine their validity. *Benj. Franklin S & L v. Hallmark,* 257 Or 436, 441, 479 P2d 740 (1971).

■        Plaintiffs each claimed a lien "upon the crops of grass and clover hay baled and in barn and D-2 cat tractor with canopy, blade and drum and * * * 40 head * * * mixed breeds goats raised and grown in 1984 at [decedent's farm in Woodburn]." We agree with plaintiffs that, other than a D-2 tractor, which is segregable on the faces of the liens, the security described is subject to the liens. ORS 87.226(1).

■        Plaintiff Clarence Hitchman's lien notice describes the labor that he performed as

"building fences, installing goat stanchions, feeders, building gates, and minor carpenter type repair work. Clearing lines for fences, cutting brush, weeds and berries and grass along fence rows. Clean debris, trash lumber, old cars refuse, tires etc."

It also lists a variety of items under the heading "cash advanced and goods furnished," including $57 for "telephone, *hamburgers,* nails, staples, and gas used on farm (Woodburn)." (Emphasis supplied.) Plaintiffs assert that, although the $57 item includes both lienable and nonlienable items, it can and should be disregarded. *See Hays v. Pigg,* 267 Or 143, 148, 515 P2d 924 (1973).[5] We agree. Although the items

---

[5] When "unsegregated lienable and nonlienable charges are lumped together in the lien as one item so that extrinsic evidence is necessary to segregate them, the right of the lien is lost as to all such unsegregated items." 267 Or at 148.

included in the $57 claim are not segregable without extrinsic evidence, the claim can be segregated from the remaining lien items without extrinsic evidence. Defendant also argues that Clarence Hitchman's lien notice includes unsegregated, non-lienable hours spent driving his motorhome between Hebo and Woodburn. The lien notice does not. The court erred when it held that his lien was invalid as a matter of law.

■　　The court did not err, however, when it held that Margery Hitchman's lien was invalid. Her lien notice includes as services "feeding dog, * * * washing walls, windows and carpets." Those items are not segregable from other labor performed, and they do not "aid the production of any agricultural crop." ORS 87.226(3)(a).[6]

■　　The court also erred when it granted judgment to defendant for attorney fees. He is not entitled to attorney fees for claims on which he has not prevailed. He also cannot recover fees for successfully defending against Margery Hitchman's agricultural lien claim. ORCP 68C(4)(a)(i) allows the court to award costs and disbursements and attorney fees as part of the judgment if the party seeking them serves a statement of the amount "not later than 10 days after the entry of judgment." *See Chiles v. Robertson,* 94 Or App 604, 644, 767 P2d 903 (1989). Defendant failed to serve a statement within that time.

Reversed and remanded on both wage claims; order granting summary judgment on Clarence Hitchman's foreclosure claim vacated; judgment for attorney fees reversed; otherwise affirmed.

---

[6] ORS 87.226(3)(a) provides:

" 'Growing and harvesting' includes tilling, sowing, planting, cultivating, irrigating, pruning, thinning, fertilizing, spraying, dusting, cutting, harvesting, reaping, threshing, gathering, transporting, securing or otherwise performing or furnishing labor, service or materials to aid the production of any agricultural crop."